## NEALES vs. THE STATE.

1. Where different statutes authorize license to be granted for the exercise of any trade, an indictment for exercising such trade without license, should negative a license under any statute.

    State vs. Brown, 8 Mo. R., 210, affirmed.

2. An indictment for keeping a dram-shop, should shew the kind, quantity and price of the liquor sold, and to whom sold.

3. The judge of a court cannot try a defendant in a criminal case upon a plea of not guilty, even by consent of defendant. A jury can alone try such a plea.

### APPEAL from St. Louis Criminal Court.

SIMMONS, *for Appellant, insists:*

The indictment is defective, for the reason that it sets out the capacity of the defendant, but does not allege that the act of selling was committed in that capacity. It is contended that it is

necessary to set out the capacity of the defendant for the purpose of giving the court jurisdiction, which it does not have if the liquors were sold by the defendant as a tavern keeper. It is then necessary to allege that he sold as a dram-shop keeper,—or, *non constat,* but he may have sold as a tavern keeper, in which case he is not indictable at all, but must be proceeded against in another manner and under another statute.

STRINGFELLOW, *Attorney General, for the State, insists:*

That the indictment is in the words of the statute, and in proper form. The allegation that the defendant kept a dram-shop, and also that he sold liquor by quantities less than one quart, is not double, but is but one allegation.

McBRIDE, J., *delivered the opinion of the Court.*

Patrick Neales, at the September term, 1846, of the Criminal Court for St. Louis county, was indicted for unlawfully carrying on the trade and business of a dram-shop keeper, without having a license therefor continuing in force. To this charge, he pleaded not guilty; and neither party requiring a jury, the cause was submitted to the court, who found him guilty, and assessed a fine of $30 against him, and entered judgment therefor. The defendant then filed a motion in arrest of judgment, "because the indictment is double, uncertain, and otherwise defective and informal." And the motion having been overruled, he excepted to the opinion of the court, and has brought the case here by writ of error.

The only assignment of error is, that "the indictment is defective, for the reason that it sets out the capacity of the defendant, but does not allege that the act of selling was committed in that capacity."

The indictment charges "that Patick Neales, late of the county aforesaid, laborer, on the 10th day of September, in the year of our Lord one thousand eight hundred and forty-six, at the county aforesaid, did unlawfully carry on the trade and business of a dram-shop keeper; and that the said Patrick Neales did then and there unlawfully sell intoxicating liquor in a quantity less than a quart, without then and there having any license whatever therefor continuing in force, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State."

. The argument to sustain the error assigned, is, that it is necessary to charge that the defendant sold *as* a dram-shop keeper, or, *non constat,* but he may have sold as a tavern keeper, in which case he is not indictable at all. This argument is based upon a decision of this Court, the

State vs. Brown, 8 vol., 210, in which it is held that the negation should be broad enough to include all authority which the State, by law, can confer upon individuals to retail ardent spirits. And that where the statute grants the privilege of retailing in two capacities, it is necessary to allege that the defendant was not authorized to do the act in either. We see no good reason to depart from the principles of that opinion—on the contrary, upon a review, we are satisfied that they are correct.

There are other objections to the indictment, which, in our opinion, are insuperable. The *gravamen,* as charged in the indictment, is not set forth with that particularity and certainty which is found in either the old or modern forms. The charge is, that the defendant *"did then and there unlawfully sell intoxicating liquor in a quantity less than a quart,"* &c. To whom sold, the description of the liquor sold, and the price for which it was sold, are entirely omitted in the indictment; and yet this would appear necessary to be stated, otherwise how can the court see that an offence has been committed, or the defendant be apprized of the nature of the accusation against him, and be able to prepare his defence accordingly.

In the language of Lord Hale, "an indictment is a plain, brief and certain narrative of an offence committed by any person, and of those necessary circumstances that concur to ascertain the fact and its nature." 2 Hale, 169. It is said in 2 Hawk., ch. 25, sec. 57, to be generally a good rule in indictments, that the special manner of the whole fact ought to be set forth with such certainty that it may judicially appear to the court that the indictors have not gone upon insufficient premises.

Another objection, equally fatal, to the judgment, was the trial of the cause by the court, on the plea of not guilty. It has heretofore been virtually decided by this Court, in two cases, that unless the defendant pleads guilty to the charge contained in the indictment, the court cannot try the issue and assess a fine against him. 6 Mo. Rep., 457; 9 ib., 696. It is exclusively the province of a jury to try the issue of not guilty, and the consent of the defendant for the court to try the same, cannot confer such power on the court.

For the foregoing reasons, the judgment of the Criminal Court ought to be reversed, and the other Judges concurring herein, the judgment is reversed.

SCOTT, J.—I am in favor of reversing the judgment of the court below, because the trial of the issue was by the court and not by a jury.