STATE OF MISSOURI, Respondent, *v.* JAMES HAYS, Appellant.

*Criminal Practice—Variance.*—An indictment charging the defendant with selling intoxicating liquors to A., is not sustained by proof of selling to other persons. The allegations and the proofs must correspond in criminal as well as in civil cases.

*Appeal from Greene Circuit Court.*

*Wingate,* for plaintiff.

This was an indictment under the 4th and 10th sections of the "Act to prevent the adulteration of spirituous liquors," approved March 28, 1861. (Sess. Acts 1860–1, p. 92.) The indictment is founded on the 4th section, the penalty is provided under the 10th. The evidence tends to show the com-

mission of the offence against which the 4th section is intended to guard.

I. It is contended that it was unnecessary to charge in the indictment that the defendant sold liquors to any particular person by name, or to prove any particular person by name. The indictment is good without such allegation. (People v. Adams, 17 Wend. 475, and cases cited.)

The refusal of the defendant's first instruction was proper. By the 27th sec., art. 4, Prac. Crim. Cas., (2 R. C. 1855, p. 1176,) it is provided, " that no indictment shall be deemed invalid, nor shall the trial or judgment be stayed, arrested or in any manner affected by reason of any surplusage, where there is sufficient matter alleged to indicate the crime and person charged," &c. The name of the person to whom liquor was sold was surplusage, and the omission to prove it is therefore unimportant; but the giving of the instruction as asked would have made this surplusage a material allegation before the jury, and therefore it was correctly refused.

II. There was no error in refusing the second instruction; because it implied that the burden of proof was on the State to show that the defendant did not take the oath, and had not given the bond required by statute. No principle is better established in criminal as well as in civil law, that the burden of the proof of a negative is never imposed on the plaintiff when the defendant has it peculiarly in his power to prove the affirmative. The State had made a *prima facie* case by proving the sale of the liquor, and it was incumbent on defendant to show that he had taken the oath and given bond. In the absence of such proof, a conviction was proper.

III. The failure of the defendant to object or except to the giving of the instructions by the court, prevents this court from any examination of the same even if they were erroneous.

But it is insisted that the instructions given were proper and according to the act under which the indictment was found.

IV. The evidence clearly showed the defendant guilty of

selling liquor in Greene county within a year preceding the finding of the indictment. Dealing out liquor behind the bar, and waiting on customers, is "selling liquors," in common parlance. So the witness meant; so the jury found.

*James F. Hayden*, for defendant.

I. The court erred in refusing the instructions asked by defendant. (Gardner v. The State, 14 Mo. 97.)

II. The court erred in giving the instructions asked by the State. (State v. Matthews, 20 Mo. 55; 30 Mo. 201.)

III. It is a settled doctrine that the testimony in a criminal offence must prove the offence as charged, or some less grade of the same character of offence, such as the law would authorize the jury to find defendant guilty of under the indictment.

HOLMES, Judge, delivered the opinion of the court.

The defendant was indicted at the July term, 1864, of the Circuit Court of the county of Greene for unlawfully selling spirituous liquors to one John McElhaney without having taken the oath and filed the bond required by the act of March 28, 1861, (Sess. Acts of 1860–61, p. 92,) and pleaded not guilty.

The only evidence offered on the trial was the testimony of John McElhaney, to the effect that he was acquainted with the defendant and had drunk frequently at the grocery called "Hays & Gorman's," but that he never bought any liquor of Hays in his life, though he had once seen him behind the counter waiting on customers.

The instructions which were given for the plaintiff proceeded on the idea that the naming of John McElhaney might be rejected as surplusage, there being no evidence of any sale to him, and that a verdict might be found against the defendant on the evidence tending to show a selling to other persons.

Two instructions were asked for by the defendant which the court refused, the defendant excepting to the effect that

unless the jury believed from the evidence that the defendant, within one year before the finding of the indictment, sold spirituous liquors to John McElhaney without having filed the oath and given the bond required by the statute, as charged in the indictment, they would find for the defendant.

The jury rendered a verdict of guilty and fixed the fine at fifty dollars, and the defendant moved for a new trial on the ground of error in giving and refusing instructions.

It was contended on the part of the State, that it was unnecessary to charge in the indictment that the defendant sold liquors to any particular persons by name, or to prove a selling to any particular person by name; and we are referred to the "Act concerning Criminal Practice," (R. C. 1855, p. 1176, § 27,) where it is provided that no indictment shall be deemed invalid, nor shall the judgment be affected, "by reason of any surplusage, where there is sufficient matter alleged to indicate the crime and the person charged."

The offence charged and described in this indictment consists in selling liquors to John McElhaney only; it contains no averment of any sale to other persons by name or otherwise. The name of John McElhaney is thus made to enter into the description and substance of the offence charged; and it is a rule, equally applicable in criminal as in civil cases, that the substance of the issue must be proved. (3 Greenl. Ev. § 23.) The name and person of John McElhaney cannot be rejected as surplusage or as immaterial, for the reason that no charge would remain of a selling to anybody, without an averment of a selling to some person or persons, known or unknown, by name or otherwise. The indictment would be clearly bad. It has been held by this court, that an indictment for selling liquor as a dram-shop keeper without license must show to whom the liquor was sold. (Neale v. The State, 10 Mo. 498.) And there must be such a degree of certainty in the description of the offence as that the defendant may not be indicted for one thing and tried for another. (Barb. Cr. Law, 332.) There was some evi-

dence from which selling to other persons, the customers of the defendant, not named, might possibly be inferred; but this was not charged in the indictment.

In the case of The People v. Adams (17 Wend. 475), cited by the Attorney General for the State, the indictment charged that spirituous liquors were sold without license to "divers citizens" and to "divers persons unknown;" and it was held that the designation of the persons by name was altogether immaterial, and that proof of a sale to one individual would sustain the indictment and authorize a conviction; and still further, that it was no variance between the offence as laid and the one proved—that there was no proof of a sale to the "persons unknown." In this case the unknown persons being rejected as surplusage, enough still remained in the indictment to cover the charge. as proved; and this may be taken as precisely what is intended by the section referred to in the "Act concerning Criminal Practice." It cannot be interpreted as effecting any change in the well settled rule of the common law, applicable as well to criminal as to civil cases, that the allegations and the proofs must correspond; and, accordingly, it was decided in The State v. Shoemaker, (7 Mo. 177,) that although, under an indictment for the first degree of an offence, a conviction might be had for an inferior degree of the same, on proofs falling short of the first degree, but showing the defendant guilty of such inferior degree, yet there must be, in such case, a count in the indictment containing a sufficient description of the offence so proved; but if, on the contrary, it be so totally dissimilar as not to come within the description of the charge contained in the indictment, the variance will be fatal. Here, the charge as laid was not proved, and the offence that was proved was not charged.

We are of opinion that the instructions for the defendant, which were refused, should have been given.

Judgment reversed. The other judges concur.