State v. Fanning.

*Criminal Practice—Indictment—Dram-shops.*—An indictment charging a defendant with unlawfully "selling intoxicating liquors in less quantity than one gallon, to-wit, one glass of whiskey, without having a dram-shop keeper's licence, or any other legal authority to sell the same," is sufficient. It is not necessary that the indictment should state the name of any person to whom the liquor was sold. A sale implies a purchaser.

*Error to Dade Circuit Court.*

*Hendrick & Bray,* and *T. A. Sherwood,* for plaintiff in error.

The indictment is insufficient. It fails to show that there was a sale to any one ; it fails to show that the quantity of liquor alleged to have been sold was within the limit prohibited by law. The law prohibiting sales of liquor in a less quantity than one gallon had been repealed at the time of the alleged offence—Neales v. State, 10 Mo. 498; State v. Hays, 36 Mo. 80; State v. Mitchell, 25 Mo. 420; Act of 14th March, 1859.

Attorney General, for respondent.

This is an indictment for a misdemeanor, and it is only necessary that the indictment should be certain to a common intent. The offence consists in the act of selling, and therefore the designation of the person purchasing or the price paid is no way material—15 Mo. 430; 24 Mo. 363; id. 532; 17 Ills. 158–60, and authorities cited.

This indictment is for a violation of § 1, ch. 57, R. C. 1855, p. 683, and sufficiently charges an offence under the same.

State v. Fanning.

The fact that the accused may have been privileged to sell the liquor by virtue of some other statute is not necessary to be negatived in an indictment under this section—10 Mo. 703. The well settled rule is, that it is only necessary to charge the offence in the words of the act, or substantially so, and to show such acts as are necessary to constitute the offence, negativing only such exceptions as are included in the clause creating the offence. All other justifications or excuses must be pleaded and shown by the accuser. The provision of the statute above cited, and upon which this indictment is framed, was not repealed or affected by the act of the 14th of March, 1859—Sess. Acts 1858-9, p. 56, § 22. And even if it was, the indictment charges sufficient to constitute an offence under our statute (24 Mo. 364), in which case it was also held by the court, Judge Scott delivering the opinion—"This court will not reverse a judgment of the Circuit Court refusing to quash an indictment, as it is discretionary with the court whether it will quash, or leave the party to his demurrer."

HOLMES, Judge, delivered the opinion of the court.

In this case, the indictment alleged that the defendant "did unlawfully and directly sell intoxicating liquors in less quantities than one gallon, to-wit, one glass of whiskey, without having a dram-shop keeper's licence, or any other legal authority to sell the same." The defendant moved to quash the indictment for the reasons that it did not charge him with selling liquors in a less quantity than one quart, nor aver to whom or for what price they were sold, nor state that they were sold to persons unknown; and his motion being overruled, he pleaded guilty, and filed his motion in arrest of judgment, for the same reasons.

As to the first objection, we are referred to the act to tax and license merchants (Laws of 1858-9, p. 56, § 22), which provides that a merchant's licence shall not authorize the sale of liquors in less quantities than one quart. This act has no application to the case here, which appears to be founded

on the act to regulate dram-shops, and the indictment charges a selling without a dram-shop keeper's licence, or any other legal authority. That the defendant was a merchant, and licensed to sell liquors in quantities above one quart, might be good matter of defence when the facts should be proved; but the indictment sufficiently negatives any lawful authority to sell.

As to the price and the person, the weight of authority seems to be in favor of the position, that the indictment (in this sort of case) need not specify any price nor name, or in any way refer to the person to whom sold. The injury to the vendee is no part of the offence, which is complete within the statute upon a selling to any person whatever—State v. Ladd, 15 Mo. 530; State v. Miller, 24 Mo. 532; People v. Adams, 17 Wend. 475; State v. Munger, 15 Vt. 295; Halstead v. Commonw., 5 Leigh, 724; King v. Holden, 2 Taun. 334. A different rule was laid down on this point in the cases of the State v. Neals, 10 Mo. 500, and Austin v. State, 10 Mo. 591, though not necessarily involved in the decision; and on the authority of these cases it was said in State v. Hays, 36 Mo. 80, that an indictment would be bad without an averment of a selling to some person known or unknown, by name or otherwise. The point on which the decision rested in that case was, that as the indictment specifically alleged a sale to a particular person by name, and nothing more, it thus made the name and person to enter into the description and substance of the offence charged; that he must prove it as laid; that the charge as laid in that case was not proved, and that the offence proved was not contained in the indictment. This is the correct rule of pleading. The proof must conform to the allegation. But here the question is merely of the sufficiency of the indictment to constitute the offence under the statute. It is true, there can be no sale without a selling to some person; but an averment that the defendant sold intoxicating liquors, &c., in the words of the statute, may very well be deemed to import a selling to some person; and so, it was expressly said in the

case of the State v. Ladd, 15 Mo. 432, that a sale *ex vi termini* included a person to whom sold ; and the same doctrine was confirmed in State v. Miller, 24 Mo. 532. This must now be taken as the rule in this State. The indictment must be deemed sufficient.

Judgment affirmed. Judge Wagner concurs ; Judge Lovelace absent.

STATE OF MISSOURI, Defendant in Error, *v.* WILLIAM T. FANNING, Plaintiff in Error.

