THE STATE OF MISSOURI, Respondent, *v.* BUD THORNTON, Appellant.

### January 31, 1876.

Judgment reversed because the verdict was manifestly contrary to the testimony.

APPEAL from St. Louis Criminal Court.
*Reversed, and defendant discharged.*

*J. W. Mitchell*, for appellant, cited : Campbell *v.* Hood, 6 Mo. 211 ; Price *v.* Evans, 49 Mo. 396 ; Watts *v.* Douglass, 10 Mo. 676 ; State *v.* Burnside, 37 Mo. 343 ; Hart *v.* Leavenworth, 9 Mo. 629 ; Clemans *v.* Laveille, 4 Mo. 80 ; Scott *v.* Brockway, 7 Mo. 61.

*J. C. Normile*, Circuit Attorney, for respondent.

LEWIS, J., delivered the opinion of the court.

The defendant was convicted of grand larceny in the stealing of a watch. The chief witness for the prosecution testified substantially that, on a day during the St. Louis fair week in 1875, he bought the watch, believing it to have

been stolen, from the defendant, whom he had never seen before; that he "looked around to find a policeman," but could not; that he gave the watch to a detective who came to his store, seven or eight days afterwards, having, in the meantime, "tried to find a policeman so that the owner could get it." All this occurred in one of the most active business localities in the city of St. Louis. The witness also stated that the person of whom he bought the watch wrote the name, "Henry Thompson," on a card, which was produced in evidence, and that, if the name on the card was not written by the defendant, then defendant was not the person of whom he had bought the watch. No other witness connected the defendant in any way with the larceny.

Against this flimsy testimony an expert in handwriting, upon a comparison of the writing on the card with the same words written by defendant in presence of the court, swore that it was impossible for both to have been written by the same hand.

Four witnesses swore that defendant was in the State of Iowa for two or three weeks, including the entire fair week, during which the State's witness had fixed the purchasing of the watch.

It would appear that the substantial testimony was all one way, and the verdict the other. The judgment will be reversed, and the defendant discharged. *State* v. *Mansfield*, 41 Mo. 470. The other judges concur.