(*Circuit Court of Cook County.*)

## People ex rel. Maud Lyons and Edward Lyons

### vs.

### Seth F. Hanchett, Sheriff.

#### (1884.)

1. CRIMINAL LAW—HABEAS CORPUS. The court is authorized in a *habeas corpus* proceeding to go back of the process on which a prisoner is held and enquire whether or not the judgment was void for want of power to render it.

2. JURY IN CRIMINAL CASES. The only tribunal possessing the legal power, under the laws of this state, to determine the legal question of the guilt of an accused, upon an indictment for felony, and under a plea of not guilty, is a jury of twelve men.

3. SAME—CONSENT OF PRISONERS TO TRIAL BY COURT. The only legally constituted tribunal for the trial of the guilt or innocence in a felony case, under a plea of not guilty, is a jury of twelve men. The court or judge is not the legally constituted tribunal to try such question. The judgment of a court finding a defendant guilty in such a case is utterly void even though the defendant consents to a trial before the court.

Indictment for felony. Petition for habeas corpus. Heard before Judge McAllister. The facts are stated in the opinion. *Thompson & Felsenthal,* for relators.

McAllister, J.:—

This case is upon habeas corpus, on the petition of Maud and Ed. Lyons, who allege that they are unlawfully imprisoned by the sheriff of Cook county. The material facts are, that at the March term, 1884, of the criminal court of said county, an indictment was returned into court against the prisoners, containing five counts, each of which was for felony.

The first count charged that said Maud and Ed. Lyons, on, to-wit, March 1, 1884, in said county, ''did unlawfully and feloniously obtain from Annie Thompson her money, by means and by use of the confidence game, contrary to the statute, etc.'' At the April term, the prisoners were arraigned upon said indictment, and both pleading not guilty, formally put themselves upon the country, thus tendering an issue, which could be legally tried by a jury only.

But the cause having been brought forward for trial, instead of such issue being tried by a jury, it was tried by the judge then presiding in said court, without a jury, under an agreement between the prisoners, their counsel and the state's attorney, that a jury be waived, and the cause tried by the court without a jury. The judge, after hearing the testimony, found both the prisoners guilty in manner and form as charged in the first count of the indictment, and on that finding alone gave judgment against them, that they be confined in the penitentiary at Joliet, at hard labor—the said Maud for three, and the said Ed. Lyons, for five years. A certified copy of these judgments, respectively, was made out and delivered to said sheriff, for the purpose of having said sentences carried into effect; and, thereupon, on the petition of the prisoners, the writ of habeas corpus herein was awarded, with the view of having the validity of said sentences inquired into. In his return to that writ, the sheriff has set out the copies of said judgments so made as aforesaid, as the sole cause of the detention of the prisoners by him.

If it appears that the prisoners are in custody by virtue of the process of a court legally constituted, then the court is limited in its inquiry and power to discharge by section

twenty-two of the habeas corpus act (R. S. 1874, p. 568), which provides: "If it appear that the prisoner is in custody by virtue of process from any court legally constituted, he can be discharged only for some of the following causes: 1. Where the court has exceeded the limits of its jurisdiction, either as to the matter, place, sum or person.   *   *   * 4. Where the process, though in proper form, has been issued in a case, or under circumstances, where the law does not allow process or orders for imprisonment or arrest to issue.   *   *   * 7. Where there is no general law, nor any judgment, order or decree of a court to authorize the process if in a civil suit, nor any conviction if in a criminal proceeding. No court or judge, on the return of a habeas corpus, shall, in any other matter, inquire into the legality or justice of a judgment or decree of a court legally constituted."

I am of opinion that those provisions confer upon this court authority to go back of the process, on which the prisoners are held, and inquire whether or not the judgment was void for want of power to render it. *People ex rel. v. Whitson,* 74 Ill. 20. The supreme court, on habeas corpus, has no other or greater powers, in this behalf, than the circuit court. The question to be decided is, whether from the record of the proceedings of the criminal court, in the case under consideration, and which I have properly before me, that court did not, in giving the judgment or sentence against the prisoners, act entirely outside of any authority conferred upon it by the laws of this state. If it did, then, manifestly, that judgment was void.

The bill of rights contains the declaration that, "No person shall be deprived of life, liberty or property, without due process of law." Also, that, "the right of trial by jury as heretofore enjoyed, shall remain inviolate; but the trial of civil cases before justices of the peace by a jury of less than twelve men may be authorized by law." Section 428 of the Criminal Code declares, "all trials for criminal offenses shall be conducted according to the course of the common law, except when this act points out a different mode." Section 431

provides: "Juries in all criminal cases shall be judges of the law and the fact."

By the common law, a jury of twelve men was the only tribunal which that law recognized for the trial of the question of the guilt of the accused, under an indictment, especially for a felony, and a plea of not guilty. About this there can be no controversy. Under that system, it was a fundamental principle that questions of fact were for the jury—of law, for the court. But by our criminal code, both law and fact are for the jury. The only tribunal possessing the legal power, under the laws of this state, to determine the question of the guilt of an accused, upon an indictment for felony, and under a plea of not guilty, is a jury of twelve men. And the determination of that matter by any other tribunal, or functionary, would not be due process of law. I say it without hesitancy, and challenge any lawyer to show to the contrary, that power, authority, or jurisdiction has never been conferred upon any court, or judge of any court, of this state, by any law, constitutional, statutory or common, to sit in the place of such jury, try the question of the guilt of the accused under a charge of felony and plea of not guilty, and sentence the prisoner to the gallows, or the penitentiary. Such an innovation would be subversive of all constitutional safeguards, and in the very teeth of the statutory provisions, above quoted.

It is not claimed by the state's attorney that any such power has been conferred upon the criminal court by any law of this state, but it is insisted that it is legal and proper, *and that it has become a common practice in the criminal court* so far as several of the judges of that court are concerned, for the judge or court to sit in the place and stead of a jury, by the consent of persons accused, even in cases of felony. Let us consider that position for a moment. The only legally constituted tribunal for the trial of the question of guilt or innocence, under the plea of not guilty, is a jury of twelve men. The court or judge, therefore, is not the legally constituted tribunal to try such questions. In the ab-

sence of a jury, the court, for the purpose of a trial of an issue to the country, has, by the law, no jurisdiction. It is not within its legal powers to sit as a substitute for the constitutional tribunal of twelve men. Now, when the court sat in the place of a jury, to pass upon the question of the guilt of these prisoners—both as to the law and the fact, from what source was his authority in the premises derived? Certainly not from the law. It was simply and entirely from the consent of the prisoners and the state's attorney.

It would have been just as competent, in my opinion, for the prisoners and state's attorney, to have agreed that the clerk of the court hear the case; because whatever authority there was for the procedure was by consent and act of the parties and not by the law. What more then, I ask, did such trial amount to than a species of arbitration? The principle that consent can not give jurisdiction of the subject-matter, renders the finding of the court, that the prisoners were guilty, *utterly void.* The state's attorney has cited many authorities showing that various of the constitutional safeguards, which an accused might properly insist upon, may be waived by him. That is not disputed. But there is one distinction which he overlooks, and that is, "that the substantial constitution of the legal tribunal, and the fundamental mode of its proceeding, are not within the power of the parties." *Cancemi v. The People,* 18 N. Y. 128, 136. This distinction is recognized with approval in *Pierson v. The People,* 79 N. Y. 424, 430.

It is in virtue of that distinction that the verdict in case of felony, where the jury, though by the consent of the accused, consist of a less number than twelve, is held to be void. *Allen v. The State,* 54 Ind. 461; *State v. Mansfield,* 41 Mo. 470; *State v. Maine,* 27 Conn. 281; *State v. Lockwood,* 43 Wis. 403.

Upon this question Judge Cooley says "Any less than this number of twelve would not be a common-law jury, and not such a jury as the constitution guarantees to accused parties, when a less number is not allowed in express terms; and the necessity of a full panel could not be waived—at least in a

case of felony—even by consent. The informity in case of a trial by jury of less than twelve, by consent, would be that the tribunal would be one unknown to the law created by mere voluntary act of the parties; and it would in effect be an attempt to submit to a species of arbitration the question whether the accused has been guilty of an offense against the state.'' Cooley's Constitutional Limitations, 4th ed. p. 395, and cases in note 1.

If the law will not permit a person accused of felony to dispense with even one juror, can it be maintained that he may properly dispense with the whole panel, by consent?

Under our system, no court of the state has the power, authority or jurisdiction to sentence an accused to the gallows, or to the penitentiary, except upon an indictment duly found, a plea of guilty or a verdict of guilty, by a jury. The substitution of the finding of the court, under the consent of the accused, leaves the court as destitute of the power to sentence, as if no step whatever had been taken, intervening the plea of not guilty, and the sentence. I think the judgment *is void*, and the prisoners entitled to be discharged from imprisonment under the process which the sheriff has returned as the cause of their detention.

Prisoners discharged.

### NOTE.

The above case was cited in *People ex rel. v. McLaughrey*, decided by Judge Gibbons and reported in this volume, p. 210. See also the contrary decision of Judge Williamson on the motion to vacate the judgment in the original case of *People v. Lyons*, reported in this volume, p. 199.—Ed.