Donahue, J.,
dissenting.
The right of an accused to a trial by jury is not based upon the provision of any statute of the state, but is a right guaranteed by the Constitution. Section 5, Article I of the Constitution of Ohio, provides among *148 other things that the right of trial by jury shall be inviolate. It is further provided in Section 10, Article I, that in criminal cases the accused shall be entitled “to a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed.”
These constitutional provisions are clear and unambiguous. The right conferred is an absolute and unconditional one. If, under this provision of the constitution of Ohio, an accused is entitled to a jury trial unless he expressly waives the same, then no statute can deprive him of this right, or impose upon him any burden other and further than is imposed by the constitution itself-; nor can “progressive common sense” deprive the accused of a right guaranteed to him by the constitution of the state, regardless of how superior such wisdom may be to the wisdom of the constitutional provisions.
The people of this state write its constitution. It is for them to say when their need demands a change in its provisions.
The first constitution of Ohio contained this same guarantee of the right of trial by jury. It was rewritten into the Constitution of 1851, and the Constitutional Convention of 1912 did not seem to think that the intelligence of this age required the elimination of this provision from the constitution of this state, nor did the people of Ohio demand such an amendment..
This constitutional guarantee of a right of trial by jury is not peculiar to this state. The Constitution of the United States and the constitution of *149 every state in the Union contain almost identical provisions. Nor do I understand that the right of trial by jury is not in harmony with the progressive ideas of modern jurisprudence. It is true that trial by jury is an ancient institution, but the right of trial by jury probably dates from Magna Charta, in which it is more than once declared to be the principal bulwark of English liberties. In addition to this, it is made one of the distinct and separate provisions of that historic document, that will ever be regarded as a monument in the course of human progress.
There was a time in the history of the human race when no man was secure in his life, liberty or property; when an anonymous accusation against an individual, deposited in a place provided for that purpose, on the evening of one day, resulted in his execution before the morning of the next.
What is now transpiring in the old world would indicate that it is at least possible that the civilization of to-day is not so far in advance of the civilization of mediaeval times as we have heretofore believed it to be. Therefore, it is well for the people of this age to observe the warning of Sir William Blackstone, one of the greatest law writers of any age. In answering the argument of convenience and expedition urged against the right of trial by jury, he said: “However convenient these may appear at first (as doubtless all arbitrary powers, well executed, are the most convenient), let it be again remembered, that delays, and little inconveniences in the form of justice, are the price that all free nations must pay for their liberty in more sub *150 stantial matters; that these inroads upon this sacred bulwark of the nation are fundamentally-opposed to the spirit of our Constitution; and that, though begun in trifles, the precedent may gradually increase and spread, to the utter disuse of juries in questions of the most momentous concern.” 4 Blackstone, 350.
Except in this case and the case of Billigheimer v. State, 32 Ohio St., 435, which will be discussed a little later, the courts of this country have uniformly observed, -respected and enforced this constitutional right of trial by jury, unless the defendant in a prosecution for a misdemeanor waived the same, and such waiver clearly and affirmatively appeared upon the record. Nor have the courts placed upon the accused any burden whatever as a condition precedent to such a right.
The case of Slocum v. Lessee of Swan et al., 4 Ohio St., 162, was a civil action, an action of ejectment to recover possession of “the old penitentiary lot.” This court held in that case that a record showing “neither party requiring a jury” did not show a waiver by the parties of a trial by jury. In the opinion of Thurman, Chief Justice, it is said: “The issue made by the plea of ‘not guilty’, could not be tried by the court, without a waiver by the parties of jury trial. There was no such waiver. The judgment must be reversed, and a writ of procedendo awarded.”
In the case of Gibbs v. Village of Girard, 88 Ohio St., 34, which was also a civil action, the second paragraph of the syllabus reads as follows: “The right of trial by jury, being guaranteed to all *151 our citizens by the constitution of the state, cannot be invaded or violated by either legislative act or judicial order or decree.”
Is it possible that in this progressive age “the dollar is to be placed above the man,” or that the protection of the liberty of the individual is of less concern to the state than the protection of his property?
It was held by this court in the case of Work v. State, 2 Ohio St., 297, that “it is beyond the power of the general assembly to impair the right [trial by jury] or materially change its character.”
In the opinion, Ranney, J., referred to the language of Sir William Blackstone above quoted, and further said, at page 306: “The question has seldom arisen, but whenever it has, the same result has followed without a single dissenting opinion or dictum to the contrary, so far as we are advised.
“We have deemed it our duty to meet and arrest at the outset, what we cannot but regard as an infringement of a great constitutional right — not in a very flagrant manner, but, nevertheless, opening the door to further encroachments.”
I do not understand that it is contended by counsel in this case that this defendant could not have waived the right of trial by jury, or that “he must at all events have a jury, whether he wants it or no.” The law of Ohio as to misdemeanors punishable by fine and imprisonment is too well settled to permit of further controversy. On the contrary, it is claimed that the accused did not waive a jury, and that no such waiver appears of record.
*152 If the opinion of Justice Brewer in the case of Schick v. United States, 195 U. S., 65, supports the judgment of the majority of the court in this case in any particular whatever, then I am unable to read that opinion intelligently. As I read that case, it is wholly unlike the case at bar. The prosecution was for a petty offense, punishable by fine only. The court held that in such case, the constitutional guarantee of a right of trial by jury did not apply.. This has been the settled law of Ohio for many years. There was a written waiver of jury, and this fully appeared from the record. If the waiver of a jury appeared in the record of the case under consideration, or if the offense therein charged were punishable by fine only, this case would not be here.
Upon the facts presented by the record in the case of Schick v. United States, supra, the decisions of this court are in entire harmony with the decision of the majority of the supreme court of the United States in that ease.
Justice Brewer very .carefully distinguished this prosecution under Section 11 of the Oleomargarine Act, which provides a penalty by fine only, from other sections of the same act which authorize imprisonment as a part of the penalty, and quoted with approval the following language from the case of Callan v. Wilson, 127 U. S., 540:
“Except in that class or grade of offenses called petty offenses, which, according, to common law, may be proceeded against summarily in any tribunal legally constituted for that purpose, the guarantee of an impartial jury to the accused in a *153 criminal prosecution, conducted either in the name of, or by or under the authority of, the United States, secures to him the right to enjoy that mode of trial from the first moment, and in whatever court, he is put on trial for the offense charged.”
The judgment of the court in that case was not predicated upon the 6th Amendment to the Constitution, but the court expressly held that Section 2, Article III of the Constitution of the United States, “does not include a petty offense like the present.”
The “venerable” Justice Harlan, who was recognized by his compeers as one of the ablest justices that ever served the people of this country upon the supreme court of the United States, and whose place in the history of American jurisprudence is too secure to require defense or permit of successful attack, in a vigorous dissenting opinion collected and discussed practically all the authorities upon this subject.
A consideration of these authorities may aid largely in applying the unquestioned principles therein discussed to t-he question presented by the record in this case.
In the case of Cancemi v. People, 18 N. Y., 128, it was held that the consent of the prisoner to be tried by less than a full jury of twelve was a nullity, and the conviction illegal. To the same effect is the doctrine declared in the case of Dickinson v. United States, 159 Fed. Rep., 801. In the case of Houpt v. Utah, 110 U. S., 574, 579, it was held by the United States supreme court that the defendant upon trial for felony could not waive his right to
*154 be present-when the jury was impaneled and the proposed jurors challenged. The same conclusion was reached in the case of Lewis v. United States, 146 U. S., 370. In the case of Hill v. People, 16 Mich., 351, it was discovered, after the trial, that one of the jurors was disqualified under the statutes of Michigan, and it was contended by the state that the neglect of the accused to challenge waived the disqualification of the juror. The supreme court of Michigan held that “it is the duty of courts to see that the constitutional right of a defendant in a criminal case shall not be violated, however negligent he may be in raising the objection!’
In discussing this question, the court said, at page 358: “Let it once be settled that a defendant may thus waive this constitutional right, and no one can foresee the extent of the evil which might follow. * * * One act or neglect might be recognized as a waiver in one case, and another in another, until the constitutional safeguards might be substantially frittered away.”
This court, in the case of Williams and Haynes v. State, 12 Ohio St., 622, held:
“Upon the trial of an issue raised by a plea of not guilty, in higher grades of crime, it is not in the power of the accused to waive a trial by jury, and, by consent, submit to have the facts found by the court, so as to authorize a legal judgment and sentence upon such finding.”
It is apparent from the majority opinion in the case of Schick v. United States, supra, that the supreme court of the United States agrees with the decision of this court in the case last cited.
*155 The same conclusion was reached in the cases of State v. Carman, 63 Ia., 130, 131; State v. Mansfield, 41 Mo., 470; Wilson v. State, 16 Ark., 601; United States v. Taylor, 11 Fed. Rep., 470; State v. Maine, 27 Conn., 281, and State v. Stewart, 89 N. C., 563.
These cases fully emphasize the importance of this constitutional right of trial by jury and the vigilance exercised by the courts in protecting the accused in this right.
In line with the decision of the United States supreme court in the case of Schick v. United States, this court has repeatedly held that the constitutional guarantee of a right of trial by jury does not apply to a prosecution under the statute which authorizes a penalty by fine only. (Inwood v. State, 42 Ohio St., 186; Whiteman v. State, 10 Ohio St., 449; Thomas v. Village of Ashland, 12 Ohio St., 124, and State, ex rel., v. Smith, 69 Ohio St., 196.) This undoubtedly is the settled law of Ohio.
This court has also held that the accused may waive a trial by jury where the offense charged is a misdemeanor _ punishable by fine and imprisonment, yet, except in the case of Billigheimer v. State, supra, it has heretofore invariably held that this waiver must affirmatively appear of record. This is particularly emphasized in the case of Simmons v. State, 75 Ohio St., 346.
In the opinion in that case, the court quoted with approval the following language of Justice Thompson in United States v. Rathbone et al., 2 Paine, 578: “Every reasonable presumption should be *156 against the waiver, especially when it relates to a right or privilege deemed so valuable as to be secured by the constitution.”
The opinion in the case of Simmons v. State, supra, distinguishes that case from the cases of Dailey v. State, 4 Ohio St., 57, and Billigheimer v. State, supra, upon the theory that both of these cases had been prosecuted under a statute which conferred upon the court jurisdiction to try the complaint if the defendant did not demand a jury trial.
It is true that in the case of Dailey v. State the statute then in force provided that “Upon a plea other than a plea of guilty, if the defendant do not demand a trial by jury, the probate judge shall proceed to try the issue.” In that case, however, the record did show that the defendant did not demand a jury. The court held that “A record showing that the accused ‘did not demand a jury/ sufficiently shows a waiver of the trial by jury.” It would therefore appear that the court as then constituted was of the opinion that this waiver must affirmatively appear of record, and in that respect it is not in conflict with the decision in the case of Simmons v. State, supra.
While it may be difficult to reconcile the doctrine announced in the Dailey case, that a record showing that the accused “did not demand a jury” sufficiently shows a waiver of jury, with the doctrine announced in the civil case of Slocum v. Lessee of Swan, supra, that a record showing “neither party requiring a jury” does not show a waiver by the parties of a trial by jury, nevertheless, both of these *157 cases agree in the important particular that a waiver of a jury must affirmatively appear upon the record.
The judge writing the opinion in the case of Simmons v. State, supra, was wholly mistaken in the statement that the case of Billigheimer v. State, supra, was “prosecuted under a statute which conferred upon the court jurisdiction to try the complaint, if the defendant did not demand a jury trial.” On the contrary, the statute involved in that case was substantially identical with the statute involved in the case of Simmons v. State, supra, then under consideration. The statute in the latter case provided that “In any such prosecution where imprisonment may be a part of the punishment, if a trial by jury be not waived” a jury should be impaneled as therein provided.
In the case of Billigheimer v. State, supra, the statute provided that “The police judge shall have in all criminal cases the same power and jurisdiction that are or may be by law vested in justices of the peace of the county * * * . The power to hear and determine such offenses shall extend to cases where the accused is entitled to a trial by jury, if a jury be-waived.” This statute is identical in meaning with the statute construed in the case of Simmons v. State, supra.
The conclusion reached in the Billigheimer case is not only in clear conflict with the law as declared in the case of Simmons v. State, but is in conflict with all other authorities upon this subject either in the courts of this or other states, or of the United States. This court in Simmons v. State *158 specifically repudiated any such doctrine, and, on the contrary, held that “Such waiver must clearly and affirmatively appear upon the record, and it can not be assumed or implied by a reviewing court from the silence of the accused, or his mere failure to demand a jury.” This holding of necessity would require an overruling of the Billigheimer case, and certainly that would have been, done were it not for the fact that the court in the Simmons case was mistaken as to the statute under consideration in the Billigheimer case.
In the case of Neales v. State, 10 Mo., 498, it was held that a record reciting “neither party requiring a jury, the cause was submitted to the court” did not affirmatively show a waiver of jury by the accused.
The last announcement of this court on this question is found in the case of City of Fremont v. Keating, 96 Ohio St., 468, in which case the identical question was .involved, but was not carried into the syllabus because other questions in the case were the only ones in serious dispute. Upon these other questions the court held with the city of Fremont, but it affirmed the judgment of the court of appeals adverse to the city of Fremont, solely for the reason that the record did not affirmatively show that the accused had waived a trial by jury.
The provisions of the ordinance involved in the case of Fremont v. Keating, supra, in reference to the trial by jury, were identical with the provisions in the statute under consideration in the cases of Simmons v. State and Billigheimer v. State, supra. *159 The doctrine announced in the case of Simmons v. State must have been approved and followed by every judge concurring in the judgment in the Fremont case, otherwise a judgment of reversal instead of a judgment of affirmance would have been entered. It is therefore evident that the doctrine announced in the Billigheimer case has been twice repudiated by this court, and a different doctrine announced, although that case has not been specifically overruled.
The holding of the majority of this court in this case, that the failure of the accused to demand a jury amounts to a waiver, seems to me to be in direct conflict with paragraph 2 of the syllabus in the case of Simmons v. State, supra, that a waiver “can not be assumed or implied by a reviewing court from the silence of the accused, or his mere failure to demand a jury."
It is also in conflict with the decision of the United States circuit court in the case of United States v. Gilbert et al., 2 Sumner, 19, that “Under the laws of the United States, the plea of not guilty put the prisoners upon the country by a sufficient issue, without any further express words.”'
The Constitution of Ohio provides that the accused shall be entitled to a speedy public trial by an impartial jury, and that this right to a jury trial shall be inviolate. Section 1579-24, General Code, under authority of which the trial court heard and determined the guilt of the plaintiff in error, provides that the accused “shall be tried to the court unless a jury trial be demanded.”
*160 If the declaration of this court found in the second paragraph of the syllabus in the case of Gibbs v. Village of Girard, supra, that “The right of trial by jury, being guaranteed to all our citizens by the constitution of the state, cannot be invaded or violated by either legislative act or judicial order or decree,” means what it says, it would seem unnecessary to say that this legislative act, which is in clear conflict not only with the letter but with the spirit of the constitutional provision guaranteeing to every person accused of a crime the right of trial by jury, without demand or other conditions prerequisite to such right, is unconstitutional and void.
Nichols, C. J., concurs in dissenting opinion.