FULK *v.* FULK.— In error.

Nov. Term, 1847.

BILL of complaint in the Circuit Court by a husband against his wife for a divorce. The bill charged the defendant with adultery and other misconduct. The answer denied the charge, and alleged that the complainant had received personal property belonging to the defendant of the value of 200 dollars. The Court, upon the evidence, decreed a divorce, and provided by the decree that the complainant should pay to the defendant 100 dollars in certain payments, and that he should pay the costs of the suit. The record did not set out the evidence. The allowance to the defendant was assigned as error.

Decree affirmed with costs. R. S. 1843, pp. 604, 605.

---

LEMON *v.* MOREHEAD.—On appeal.

BILL in chancery for a discovery in aid of a defence to an action at law. The bill also prayed a stay of the proceedings at law till the discovery should be made. *Held*, that the prayer to stay the proceedings could not be granted, except on the condition of a bond being given according to the statute. R. S. 1843, p. 852.

---

BROWN *v.* THE STATE.—In error.

INDICTMENT for larceny. Plea, not guilty. Verdict and judgment for the state. It appeared by the transcript that the cause had been tried by only eleven jurors. The Court held the trial to be a nullity, set aside the judgment and verdict, and remanded the cause for another trial (1).

(1) When the judgment, by virtue of which the defendant is in the state prison, is reversed, the Supreme Court must immediately cause the Governor to be informed of the reversal, &c. For the duties of the Supreme Court and of the Governor in such cases, see R. S. 1843, pp. 639, 640.