## William Hill v. The People.

*Criminal cases: New trial: Questions of law: Exceptions: Practice.* Where a question raised by a motion for a new trial in a criminal case is one of law, and the judge has found the truth of the facts stated in the affidavits on which the motion is based, or in his decision assumes the truth of the facts, and the whole matter is incorporated in the exceptions, they constitute a part of the record.

Where, in such case, the question raised is one of law, it is the duty of the judge to find as to the truth of the affidavits, and if true, to incorporate the motion, the facts and decision, thereon with the exceptions taken.

*Trial for murder: Prisoner's right to a jury of citizens: Alien: Waiver: Duty of court to guard prisoner's rights.* It appeared on a trial for murder that one of the jurors was an alien; but the fact was unknown to the defendant or his counsel, until after the verdict.

On a motion for a new trial, it was held that it was incompetent for a defendant to waive his constitutional right of a trial by twelve men, and that it must be treated as though he had been tried by but eleven jurors. *Held further*, that it is the duty of courts to see that the constitutional rights of a defendant in a criminal case should not be violated, however negligent he may be in raising the objection.

*Heard January 10th. Decided January 13th.*

Error to Alpena Circuit.

The defendant below was convicted upon an information for murder.

After the trial it was discovered that one of the jurors was an alien.

A motion was made for a new trial, founded upon affidavits tending to show the alienage of the juror.

The motion was overruled.

Error is assigned upon said fact.

*A. C. Maxwell,* and *T. C. Grier,* for plaintiff in error.

The case presents the single question, whether an alien is or is not a competent juror in a capital case.

The *Compiled Laws,* § 6068, makes provision for the trial of criminal cases and provides that jurors shall be drawn and returned as provided by law for the trial of issues of fact in civil cases.

The statute, *Comp. L.* § 4351, provides,

That the jurors selected shall be assessed on the assessment roll of the township or ward for the same year: shall be suitable persons having the qualifications of electors. They shall be of approved character, and free from all legal exceptions.

The statute, § 6082, entitled, " Of new trials and exceptions in criminal cases," provides that any person who shall be convicted of any offense before any court of record, considering himself aggrieved by any opinion, direction or judgment of the court in any matter of law, may allege exceptions to such opinion, direction or judgment, etc.

It is under these provisions of this statute that the present bill of exceptions was taken to the decision of the Circuit Court refusing a new trial.

As to the common law qualifications of a juror ( 3 *Black. Com.* 362 ), the American cases are not in entire harmony; but we say that the weight of authority shows that a trial before an alien juror is no trial; and that a new trial ought to be granted.

Among those cases which hold without qualification, that the verdict is a nullity, or that a new trial should be granted, if the defect of the qualification of the juror was unknown. See 15 *Vt.* 61; 1 *Conn.* 401; 16 *Ind.* 298; 26 *Ill.* 347; 5 *Wis.* 324; 1 *Scam.* 476; 4 *Bibb,* 90; 13 *Smedes and Marsh.* 286; 1 *B. Mon.* 213; 32 *Me.* 310; 47 *Id.* 593; 6 *Clark, Ia.* 162; 10 *Ia.* 308; 18 *N. Y.* 128; 1 *Met. Ky.* 365; 41 *N. H.* 550, 551; *Bishop Crim. Proceed.* 761–2; 2 *Doug.* 367; *Comp. L.* §§ 27, 28, *p.* 61.

HILL *v.* THE PEOPLE.

*Wm. L. Stoughton,* Attorney General, for the People.

1. A motion for a new trial founded on affidavits, is addressed to the sound discretion of the court, and error can not be assigned upon a refusal to grant such motion.— 1 *Comp. L.* § 6082; 2 *Whart. Am. Cr. L.* §§ 3079, 3232; 11 *Conn.* 415; 1 *Doug.* 106; 2 *Mich.* 404; 4 *Id.* 336; 12 *Id.* 368, 440.

2. The affidavit of the juror, William Dickson, was inadmissible.— 5 *Cow.* 106; 6 *Id.* 53; 5 *Conn.* 348; 1 *Cal.* 403; 22 *Pick.* 136; 5 *Ired.* 401.

The remaining affidavits were upon information and belief, and states no facts upon which the court could be called upon to act.

3. The affidavits upon which a motion for a new trial are founded, form no part of the record; and can not be looked into for the purpose of determining whether the court erred or not.— 8 *Mich.* 117.

4. That which is a cause for challenge is not necessarily a ground for a new trial; and although there is some conflict in the American cases, the rule seems to be settled upon the weight of authority, and upon principle, that the verdict of a jury will not be disturbed on account of the incapacity of one of the jurors who might have been challenged but was not, especially where no injury is shown to have arisen from that cause.— *Whart. Am. Cr. L.* § 3220; 19 *Geo.* 628; 2 *Bay,* 150; 4 *Dall.* 353; 6 *Greenl.* 307; 2 *Porter,* 121; 2 *Ala.* 297; 17 *Id.* 434; 1 *Pick.* 38; 9 *Mass.* 107; 14 *Id.* 205; 2 *Ohio, St.* 164; 15 *E. C. L.* 252; 12 *East,* 229; 13 *Conn.* 453; 20 *Id.* 37; 3 *Greenl.* 215; 7 *Cranch,* 290.

5. The defendant did not exhaust his challenges — *Comp. L.* § 6072 — and can not allege his own negligence as a cause for setting aside the verdict, and it is not shown and does not appear that the error complained of was intentional, or that it affected him injuriously, and a new trial ought not therefore to be granted.— 6 *Mich.* 287; 10 *Id.* 9.

CHRISTIANCY J.

The defendant below was tried and convicted in the Circuit Court for the county of Alpena for the crime of murder. He moved for a new trial on the ground that William Dickson, one of the jurors before whom the trial was had, was an alien, and not a citizen of the United States or of this state, and that this was unknown to the defendant or his counsel until after the rendition of the verdict.

These facts were shown by affidavits, and appear to have been undisputed.

The circuit judge refused to grant the new trial, not upon the ground that these facts were not properly and fully established, but upon the broad ground that they did not constitute sufficient ground for a new trial. To this decision exception was taken by the defendant; and the judge has very properly certified the whole proceeding had before him for a new trial, his decision thereon, and the exceptions, all of which are embodied in the return to the writ of error.

It is objected by the Attorney General that the affidavits, in support of a motion for a new trial, form no part of the record, for which he cites *Crippen v. The People,* 8 *Mich.* 117. It is true that as mere affidavits, without anything equivalent to a finding by the court upon the facts stated, they would constitute no part of the record for our action. It is also true that when the motion is based upon matters of mere discretion, neither the refusal of the motion nor the finding of the court upon the facts stated in them, would form any ground for a reversal of the judgment.

But when the question raised by the motion is one of law, and the judge has found the truth of the facts stated in the affidavits, or in his decision upon the motion takes those facts for granted, and the whole matter is incorporated in the exceptions which he has signed, as in this case, we think the facts, the motion based upon them, his decision thereon, and the exceptions, constitute a part of the record

for our adjudication. And whenever in such a case the question raised can be fairly claimed to be one of law, we think it is the duty of the judge to find as to the truth of the affidavits; and if he finds them to be true, to incorporate the motion, the facts and his decision thereon, with the exceptions, as in the present case. It would seem to be the only mode left to a defendant of obtaining a review upon important questions of law thus raised.

We must, therefore, consider the question raised by the motion for a new trial, as properly before us for adjudication. And we must proceed upon the admitted fact that one of the jurors was an alien, and not a citizen or elector of this state.

The statute — 2 *Comp. L.* § 4351 — requires that jurors shall have the qualifications of electors. It is admitted this juror was not thus qualified. This is not a case of a partial disqualification growing out of, or connected with his relation to this or any other particular cause; but a *total disqualification* to be a juror in *any case*. The law does not recognize him as a juror at all; and in legal contemplation the case is to be treated as if he had never been placed upon the jury; if not still worse, as an outsider who had no right to participate in their deliberations, and whose illegal participation may have had an improper influence upon the verdict. The most favorable view for the prosecution which can be taken, is to consider the place of this juror to have been left blank, and that this jury therefor consisted of but eleven men.

Our constitution in retaining the right of trial by jury, tacitly refers to and adopts the common law number. In criminal cases in courts of record this is put beyond all doubt by the 28th section of article 7. "In every criminal prosecution, the accused shall have the right to a speedy and public trial by an impartial jury, which may consist of *less than twelve* men in all courts *not of record.*"— *Brown v. State*, 8 *Blackf.* 561; *Work v. State*, 2 *Ohio, St.* 296; *Cancemi*

*v. People,* 18 *N. Y.* 128; *Campau v. Detroit,* 14 *Mich.* 276; 2 *Bennett v. Heard Lead. Cr. Cas.* 336, *note.*

This position is not denied by the Attorney General, but it is insisted that by neglecting to challenge this pretended juror, the defendant has lost the right to avail himself of the objection; in other words, that he has waived all objection to this juror, or to a trial by a jury of eleven qualified jurors. It might be a sufficient answer to this position of waiver, to say, that our statutes giving the right of challenge, when considered in connection with the provisions in reference to the qualification and summoning of jurors contemplate a panel of twelve qualified electors *already* in the jury box *before* he is called upon to exercise the right of challenge, and that his right to challenge is, by the law, supposed to be exercised upon such men only as the law recognizes as competent to be called for jurymen: in other words, electors. Suppose a woman, or a child six years of age, is called upon the panel, can the defendant be called upon to exercise his right of challenge, till their places have been supplied by electors?

But we propose to consider the principle of this doctrine of waiver so far as to see whether it can be properly applied to such a case, should the case be supposed to turn upon the point.

Most of the authorities which go to the extent of holding that a neglect to challenge is a waiver of any objection to a juror thus totally disqualified, are civil cases, in which it may, perhaps, have been properly held that in the enforcement of mere private rights and duties, it was competent for a party voluntarily to waive or relinquish this benefit of a provision of the constitution or the law, intended for his protection. And doubtless this doctrine of waiver may be properly applied in all cases where it would have been competent to stipulate in advance for the trial before such defective jury. But this, it seems to us, is the only intelligible principle, in such a case, upon which the doctrine of waiver

can rest; and that wherever it has been carried beyond this principle it can rest upon no sound basis.

The doctrine rests upon assent; in other words, when reduced to its final analysis, upon contract. Under our constitution, in civil cases, there can be no reasonable doubt of the competency of parties to waive such an objection, or to stipulate for a trial by a jury of less than twelve; since they can waive the right of a jury trial altogether, and are held to have done so unless it is demanded.

But a criminal prosecution, in which the people in their sovereign capacity prosecute for a crime against the laws of the whole society, and seek to subject the defendant to punishment, must, it seems to us, be considered as a proceeding *in invitum*, against the will of the defendant throughout, so far as relates to a question of this kind, or any question as to the legal constitution of the court or jury by which he is to be tried. It would be adding materially to the generally recognized force of the obligation of contracts, to hold that a defendant charged with a crime, might, without a trial, enter into a binding contract with the prosecuting attorney (representing the State) to go to the penitentiary for a certain number of years in satisfaction for the offense. And yet it would approximate such a position, to hold that he might be bound by a contract providing for a trial before a court or jury unknown to the constitution or the laws, the result of which trial might be to place him in the same penitentiary.

The true theory, we think, is that the people, in their political or sovereign capacity, assume to provide by law the proper tribunals and modes of trial for offenses, without consulting the wishes of the defendant as such; and upon them, therefore, devolves the responsibility, not only of enacting such laws, but of carrying them into effect, by furnishing the tribunals, the panels of jurors, and other safeguards for his trial, in accordance with the constitution which secures his rights. The government — the officers of the law —

bring the jurors into the box; he has no control over the matter, who shall be summoned or compose the panel, upon which he may exercise the right of challenge; and the prosecution must see that electors only are placed there, as the law requires.

But independent of all theories, and as a practical question, we think there would be great danger in holding it competent for a defendant in a criminal case, by waiver or stipulation, to give authority which it could not otherwise possess, to a jury of less than twelve men, for his trial and conviction; or to deprive himself in any way of the safeguards which the constitution has provided him, in the unanimous agreement of twelve men, qualified to serve as jurors by the general laws of the land.

Let it once be settled that a defendant may thus waive this constitutional right, and no one can foresee the extent of the evils which might follow; but the whole judicial history of the past must admonish us that very serious evils should be apprehended, and that every step taken in that direction would tend to increase the danger. One act or neglect might be recognized as a waiver in one case, and another in another, until the constitutional safeguards might be substantially frittered away. The only safe course is to meet the danger *in limine*, and prevent the first step in the wrong direction.

It is the duty of courts to see that the constitutional rights of a defendant in a criminal case shall not be violated, however negligent he may be in raising the objection. It is in such cases, emphatically, that consent should not be allowed to give jurisdiction.

In *Cancemi v. The People*, 18 *N. Y.* 128, which was a prosecution for murder, it was held that though the defendant had expressly stipulated that his case might be tried by a jury of eleven, and that the record should show a jury of twelve, he was not bound by the stipulation; that he was incompetent to make it, and that

the judgment should be reversed for this cause.    In this view of the law, we fully concur. — See also the cases cited in the brief of counsel for plaintiff in error.

We are aware there are some cases in England, and in this country, which appear to hold a different view. But to this extent we cannot regard them as sound in principle or safe in practice.

The judgment must be reversed, and a new trial ordered.

Graves J. and Cooley Ch. J. concurred.

CAMPBELL J.

I concur in holding that the court below should have granted a new trial, and that the refusal is rightly brought before us by exceptions under the statute.

The objections against allowing any but our own citizens to pass upon the legal rights of parties are very strong, and it can hardly be supposed that a prisoner would imagine, under our jury system, that any one but a citizen would be summoned to try him.    It would be unreasonable to require him to poll the jury to ascertain whether there was occasion to object to any one on that ground.    But, inasmuch as a defect in legal qualifications is good cause of challenge, I am not prepared to say, without further consideration, that a prisoner who should be actually informed of such a defect before the jury are sworn, would not be bound to make the challenge or lose the right to further objection.    I, therefore, express no opinion on such a case.