## BRIMINGSTOOL AND BULLOCK VS. THE PEOPLE.

A person accused of crime must be tried by jury.  Even his consent to waive a jury would be a nullity.

*Van Buren Circuit, Aug.* 1870.

*Certiorari* to a Justice of a Peace and Sheriff.

Brimingstool and Bullock were arrested on a charge of assault and battery, and brought before a Justice of the Peace. The respondents plead " not guilty," and not demanding a jury, the Justice proceeded to hear the case.  The respondents were convicted, and sentenced to " pay a fine of fifty dollars and costs, or in case of failure to pay said fine and costs, to be imprisoned in the County jail ninety days each, and the fine not being paid, they were committed.  The Sheriff's return shows that he holds the petitioners by virtue of the Justice's warrant of commitment; and the Justice's return shows the facts above stated.

*Foster & Field*, for Respondents.

*J. B. Upton*, for the People.

*By the Court*, BROWN J.—Of the allegations of error, but one was urged at the argument, to wit: That the Justice heard and determined the charge preferred against the petitioners and rendered judgment against them without a jury.  The question is, can a defendant in a criminal case waive a trial by jury.

The statute, *C. L.* § 3929, provides that "if the plea of the accused be " not guilty," and no jury be demanded by him, the said court shall proceed to try such issue and to determine the same according to the evidence which may be produced against and in behalf of such accused."

Paragraph 3931, *C. L.*, as amended by act 96, *C. L.*, 1861, provides that " the accused may demand of such court that he be tried by a jury which shall consist of six persons;" and provides how such jury shall be drawn.

*Art.* 6, § 27 of the Constitution of Michigan, provides that " the right of trial by jury shall remain, but shall be deemed to be waved in all civil cases, unless demanded by one of the

parties in such manner as shall be prescribed by law," while section 28 provides that in every criminal prosecution the accused shall have the right to a speedy and public trial by an impartial jury, which may consist of twelve men in all courts not of record."

It would seem that our Constitution not only adop's the common law number of jurors, except in cases tried before a court not of record, but it recognizes the fact that the tribunal before which a person is accused of crime is incomplete without a jury. This was the rule at common law, and the guarantee referred to, of the Constitution, is that the Legislature shall not deprive the accused of such a tribunal (2 *Hale P. C.*, 161; 1 *Chit. Crim. L.*, 505; *Bac. Ab.*, *tit. Juries, A*; 2 *Bennett & Heard's L. C.* 327.

Indeed, the language of the Constitution that the right of trial by jury in *civil cases* " shall be deemed to be waived, unless demanded by one of the parties, in such manner as shall be prescribed by law," seems to indicate that without some such provision a jury could not be dispensed with, even in that class of cases.

It is undoubtedly true that as to those things which rest in contract, parties may stipulate and be bound by such stipulation. They may submit their differences to the arbitrament of one man or of a dozen; but it by no means follows that they have the power to change the constitution of a legal tribunal or the mode of its proceedings. A person may, doubtless, waive many of his rights, but such waiver is binding only upon the ground that it is a contract. This being so, it follows that the waiver can only be effectual as such in those cases where an express contract or agreement as to the same thing would be valid.

All criminal prosecutions are proceedings *in invitum*, and when the accused is arraigned and pleads " not guilty," he puts himself upon the country, and challenges the people to establish the truth of their charge. He waives nothing, but leaves the government to proceed with him in the manner indicted by the organic law. The State will not accept of the surrender of a man's life or liberty at his option, but only takes it from him

by "due process of law." In the administration of criminal law, we proceed upon the theory that the accused has incurred a forfeiture, has lost some right or privilege, by the commission of crime, and not by virtue of any contract. Hence, any legislation which assumes to authorize the voluntary surrender of the lives and liberties of the citizen, ignores the doctrine that the State has an interest in the preservation of all its subjects— ignores the very spirit of the constitutional provisions I have referred to, and overlooks the great truth so clearly stated by Blackstone, that " the natural life being the immediate donation of the Creator, cannot legally be disposed of or destroyed by any individual, neither by the person himself, nor by any other of his fellow caeatures, merely upon their own authority."

A man may plead guilty to a charge preferred against him, may admit the forfeiture and be sentenced and punished without further formality. But when issue is joined between him and the people, he must be tried by the tribunal, and in the manner prescribed by the constitution. To waive or dispense with any part or portion of such tribunal, is to divest such tribunal of power to proceed. If the accused can waive a jury, he can dispense with the judge, and can make a valid stipulation with the public prosecutor to serve out a term in the State Prison

*Hill vs. People,* 16 *Mich.,* 351. *See Jackson vs. the People,* 8 *Mich.,* 110; *People vs. Smith,* 9 *Mich.,* 193; *Campau vs. Detroit,* 14 *Mich.,* 276; *Cancemi vs. People,* 18 *N. Y.,* 128; *Work vs. State,* 2 *Ohio St.,* 296; *People vs. Crocker, Michigan, Nisi Prius,* 31. The Justice erred in trying the petioners without a jury, and his judgment must be treated as a nulity, and the petitioners discharged from further custody.