# Henry Johr and others v. The People.

*Motion for new trial: Discretion.* The granting or refusing of a motion for a new trial in a civil case, is matter of discretion, and not reviewable as in criminal cases, on writ of error.—See *Hill v. People, 16 Mich., 351.*

*Bill of exceptions: Motion for new trial.* The office of a bill of exceptions, in a civil cause, is to bring upon the record the rulings and decisions of the trial court, and it cannot, in such cases, be made to embrace rulings upon new proceedings, taken after the trial is wholly complete and ended, such as a motion for a new trial.

*Jurors: Alienage: Waiver.* In civil causes the proper time to make the necessary inquiries into the qualifications of jurors is before the trial, and not afterwards; and if not made then the objection will be deemed to have been waived. The fact that one of the jurors was an alien, and that this fact was not discovered until after judgment, is not, in a civil cause, as it is in the trial of a felony, ground for reversal of the judgment, on writ of error. This case distinguished from *Hill v. People, 16 Mich., 351.*

*Heard January 14. Decided January 17.*

Error to St. Clair Circuit.

*Cyrus Miles* and *A. B. Maynard*, for plaintiffs in error.

*Dwight May, Attorney General*, for the People.

GRAVES, J.

This case was before us at a former term, when a new trial was ordered. The trial following that decision occur-red on the 27th of February, 1872, resulting in a verdict for defendant in error, and the case is again before us, upon bill of exceptions.

The only error claimed, is that the judge refused a new trial, prayed upon the ground, which he found to be true, that one of the jurors who gave the verdict, was an alien, and that the plaintiffs in error and their counsel were igno-rant of the fact at the time of the trial. The real objection appears to be, that the verdict is shown to have been rendered by a jury one of whom was, without the knowledge of the plaintiffs in error and of their counsel, disqualified by alien-age; and not merely that the court improperly refused a motion for a new trial, which in strictness in civil cases, is matter of discretion, and not reviewable on writ of error.

Considering the objection then as aimed at the validity of the verdict, and based on the assumption that one of the jurors was disqualified, we are to ascertain whether the record really discloses this fact. Unless it rightly appears in the bill of exceptions, it has no place in the record. On turning to the bill of exceptions, we find bound up in it the judge's decision on the motion for new trial, which includes a finding of the fact as to the juror. If this mat-ter was entitled to be inserted in the bill, then it is part of the record, otherwise not.

The case, as already stated, was tried on the 27th of February, and the motion for a new trial was not made until the 5th of March, and not decided till the 5th of April, when, and not before, the judge found the facts thus put in the bill of exceptions.

Now the office of a bill of exceptions, in a civil cause,

is to bring upon the record the rulings and decisions of the trial court on legal questions during the course of the trial, and it cannot, in such cases, be made to embrace rulings upon new proceedings, taken after the trial is wholly complete and ended.   Whenever a decision of that kind is complained of, the remedy must be sought in some other form.

In this case the motion was not made until several days after the verdict, and the finding relied upon, and inserted in the bill, was not made until more than a month after.

It seems to me to be going too far to say, that a party in a civil cause may omit, during the trial, a scrutiny into the qualifications of the jurors, and at the end of a month after the verdict, on a motion for a new trial, obtain a finding by the court of the fact of some disqualification, and then, through the medium of a bill of exceptions, introduce that fact upon the record for review on writ of error.   In my judgment, the judge's finding on the motion in this case, is no proper part of the bill of exceptions, and hence, there is nothing to support the assignment of error, and the judgment should be affirmed, with costs.

CAMPBELL, J., concurred.

COOLEY, J.

This case appears to be brought to this court, in reliance upon *Hill v. People, 16 Mich., 351,* in which the decision of a motion for a new trial was reviewed on exceptions. It differs from that case, however, in two important particulars:

*First,* The exceptions in that case, related solely to the motion and the decision thereon; while in this case, a bill of exceptions appears to have been prepared to cover the

proceedings on the trial, and then continued along indefinitely, to pick up any subsequent proceedings which resulted adversely to the excepting party;

*Second,* That was a case of felony, while this is a case debt upon an official bond.

We have no occasion to consider this anomalous bill of exceptions, as the difference in the nature of the cases is such as to make the case of *Hill v. People* inapplicable. In that case it was held that the party could not waive his right to trial by jury; and that if he had been tried and convicted by twelve men summoned, one of whom was an alien and incapacitated from sitting, he was entitled of right to a new trial on making the proper application and showing as soon as the fact of disqualification came to his knowledge. But it was very clearly intimated by Mr. Justice Christiancy in that case, that in civil cases, in which a party may waive a jury trial, the rule would be different. Neither our constitution nor our statutes regard it as essential to the protection of the rights of parties in civil cases, that they should have their controversies determined by jury, or, that if they do, the jury should be the common-law tribunal of twelve. The party may not only assent to a trial by less than twelve, but he may wholly waive the jury, and the statutes go even further, and hold him to have waived the right whenever he has not expressly demanded it.—*Comp. L. 1871,* § *4961.* This being the case, it is not improper to hold the party insisting upon his right to a common-law jury of due competency, to strict vigilance in guarding the right, while the jury is being impanelled. Neither the officers of the court nor the court itself, is under the same obligation of caution and vigilance in the protection of his interests that the law expects in cases of alleged felony, and he is justly expected to ascertain by his own inquiries whether the jurors are

such as he is satisfied with or not.    If he sees fit to rely upon the evidence of competency afforded by the fact of their being summoned, he may, with the utmost propriety, be held to this election.    It is not a mistrial in his case, as it would be in case of felony; but it is at most only an irregularity which he might have discovered and obviated by the proper vigilance.    The time for him to make the necessary inquiries into the qualifications of jurors, is before the trial, and not afterwards.

We have considered this point only for the purpose of pointing out the distinction between this case and the one relied upon; but it must not be understood that we are disposed to depart from our repeated rulings, that decisions upon motions for a new trial in civil cases, and generally in criminal cases, cannot be reviewed here.    We consider those decisions entirely correct.

The other Justices concurred.