# Connelly *v.* The State.

*Indictment for Renting House for Gaming Purposes.*

1. *Trial by jury; constitutionality of law authorizing waiver of.*—The constitution of Alabama, while declaring that "the right of trial by jury shall remain inviolate," and that the defendant, "in all prosecutions by indictment," shall be entitled to a "speedy public trial by an impartial jury," also declares that the legislature may provide for the prosecution of misdemeanors before justices of the peace, thereby dispensing with a trial by jury; hence, a statute which authorizes a waiver of a trial by jury in such cases, the prosecution being commenced by indictment, and transferred to an inferior court, is not unconstitutional.

FROM the County Court of Madison.
Tried before the Hon. WILLIAM RICHARDSON.

[Connelly v. The State.]

The indictment in this case was found by a grand jury of the Circuit Court, and the case was transferred to the County Court, under the provisions of the act approved February 9, 1877, entitled "An act to regulate the trial of misdemeanors in Madison county."—Session Acts 1876-7, p. 149. On the case being called, as the minute-entry recites, "the defendant is asked by the court if he will have a jury, and waives a jury in open court; and thereupon, after hearing the evidence," all of which is set out in the bill of exceptions, "and the argument of counsel, the court adjudges the defendant guilty as charged, and fixes his fine at $200; to which the said defendant, in open court, excepts." There was a motion in arrest of judgment, on the ground that the court had no jurisdiction of the case, because the said act authorizing the transfer was unconstitutional; but the record does not show what disposition, if any, was made of it.

WALKER & SHELBY, for the prisoner.—The right of trial by jury, in all prosecutions by indictment, being secured by constitutional provisions (Art. I, § § 7, 12), and this being a prosecution by indictment, the defendant's consent to a trial without a jury is a nullity, and his conviction is illegal.— *Cancerni v. The People*, 18 N. Y. 129; *Lord Dacre's case*, Keyl. R. 59; *Work v. The State*, 2 Ohio, 1 Warden, 296; *Hill v. People*, 16 Mich. 351; *People v. Smith*, 9 Mich. 193; Cooley's Const. Limitations, 399.

JOHN W. A. SANFORD, Attorney-General, for the State.— The right of a trial by jury was not denied the defendant, but was expressly waived by him, as the record shows. The special law under which the case was transferred to the County Court, and which was strictly complied with, carefully guards the right of trial by jury. The constitution, by the 9th section of the 1st article, authorizes the general assembly to provide for the prosecution of misdemeanors before justices of the peace, or before inferior courts; and this necessarily dispenses with a trial by jury in such cases. That the County Court is an "inferior court," within the meaning of this provision, see *Sanders v. The State*, at the last term.

STONE, J.—The act "to regulate the trial of misdemeanors in Madison county," approved February 9th, 1877—Pamph. Acts, 149—confers on the County Court of that county jurisdiction, concurrent with the Circuit Court of said county, "for the trial of all misdemeanors, except violations of the revenue laws of this State." The statute then provides

for the transfer to the County Court, on the day of adjournment of each succeeding term of the Circuit Court, of all such causes as were pending in said Circuit Court, and undetermined at the time of such adjournment; and thereupon, "the jurisdiction of the Circuit Court shall cease, and exclusive jurisdiction shall vest in the County Court.

Section 4 of the act declares, "that it shall be the duty of the judge of the County Court, to hear counsel, and decide these causes without a jury, unless the defendant demands a jury ; but the question must be put to the defendant, whether he will have a jury ; and if he waive a jury, it must be entered of record ; but, if a jury is demanded, and in no other case, the court shall order the sheriff of said county to summon, *instanter*, twenty-four free- or house-holders of the county, from whom a jury shall be impanneled ; the procedure of the trial, except as altered by this act, to be the same as now provided by law for like cases in the Circuit Court."

In the present case, the order of transfer was made to the County Court, as above provided ; and before entering on the trial, as the record informs us, the defendant was asked by the court if he would have a jury, and he waived it ; which was entered of record. It is contended before us, that the provision of the statute copied above is violative of the following provisions of the constitution of 1875, and therefore void : "That in all criminal prosecutions, the accused has a right," &c ; "and in all prosecutions by indictment, a speedy public trial by an impartial jury," and "that the right of trial by jury shall remain inviolate."—Declaration of Rights, §§ 7, 12.

In answer to this objection, it might be sufficient to say, that the statute in question secures to every one tried thereunder for a misdemeanor, the right of trial by jury ; and he can be tried by the court, only when he "waives a jury." But we place our decision on a broader ground. Section 9 of the declaration of rights provides, "that in cases of petit larceny, assault, assault and battery, affray, unlawful assemblies, vagrancy, and other misdemeanors, the general assembly may, by law, dispense with a grand jury, and authorize such prosecutions and proceedings before justices of the peace, or such other inferior courts as may be by law established " True, this clause of the constitution only provides, in terms, for this dispensing with a grand jury ; but, in conferring on the general assembly power to " authorize such prosecutions and proceedings before justices of the peace," the framers of the constitution must be understood as intending that such trials should be had, as trials before justices usually take place. We well know that such

[Connelly v. The State.]

trials are without juries, unless some special statute makes their presence necessary.

In Kentucky, the constitution, like ours, guaranteed the right of trial by jury; and it contained no clause like ours, copied above from the 9th section of the declaration of rights. Murphy was indicted for a misdemeanor; and the question was, whether he could lawfully consent to be tried by a jury composed of less than twelve persons. The court said : "The citizen has an undoubted right to make any disposition of his money or his property which is not prohibited by law. He may, when his right to any part of it is controverted, consent to have the controversy decided by the court, without the intervention of a jury, or by a majority of the jury, or by any number of persons acting in the capacity of jurors, and such an agreement would be obligatory upon him."— *Murphy v. Commonwealth*, 1 Metc. 365.

In *State v. Mansfield*, 41 Mo. 470, the same doctrine was asserted.

In *The State v. Cox*, 3 Eng. Ark. 436, the offense charged was an assault and battery; and the question was, whether under their constitution, which guaranteed right of trial by jury, a verdict of a jury composed of less than twelve jurors, under a statute of that State, would stand. The court said : "The constitutional provision, securing the right of trial by jury, means a jury of twelve men, according to the known technical meaning of the term. Of his right to such a jury the defendant cannot be deprived, except by his own consent. True, he may waive the right, and submit to a decision of six men, even to that of a justice of the peace himself; but, in all cases where he may require it, it is the duty of the justice to impannel a jury of twelve men for the trial of the cause." Of similar import is the case of *Brown v. The State*, 16 Ind. 496.

The legislature of New Hampshire had before them a proposition to reduce the number of jurors to six, for the trial of misdemeanors, and submitted the question of their constitutional power to do so to the six judges of their Supreme Court. They held, that the constitutional right to a trial by jury meant a jury of twelve men ; but all the judges concurred in the following opinion : "The legislature have the general power to constitute new tribunals, and to provide new modes of trials for future cases ; provided the right to a trial by jury, such as the constitution intends, is secured to every one in the last resort, in every case where it is guaranteed by the constitution, and has not been waived by the party himself."—See 41 N. H. 550.

In the case of *Commonwealth v. Dailey*, 12 Cush. 80, Ch J.

[Goodloe v. The State.]

Shaw, delivering the opinion of the court, carried the doctrine of waiver of constitutional right to trial by jury, in cases of misdemeanor, much further than was done in any case quoted above.

There are some authorities in conflict with these views; but in none of them had they a constitutional provision, such as is quoted from the 9th section of our declaration of rights. See *Cancerni v. People*, 18 N. Y. 128; *Work v. The State*, 2 Ohio State, 295; *Hill v. People*, 16 Mich. 351; Cooley's Cons. Lim. 309, 319.

Under the constitution of 1875, we hold, that the act "to regulate the trial of misdemeanors in Madison county," in its provision allowing parties indicted for misdemeanor, and tried in the County Court, to waive a jury, is constitutional.

There is nothing in any other question presented, and the judgment of the County Court is affirmed.