[Frost v. The State.]

# Frost *v.* The State.

124    85
129    38
129   100

*Prosecution for Carrying Concealed Pistol.*

1. *Indictment; when not-required.*—By act of the legislature estab-
   lishing the city court of Talladega, it is provided that in cases
   of misdemeanors "the judge of the court shall try both law
   and facts except when trial by jury is demanded by defendant
   in writing and filed with the clerk." A defendant charged
   with a misdemeanor upon a complaint and warrant issued by
   the judge of the court, appeared and filed his plea of not guilty
   with indorsement thereon demanding a trial by jury, which
   was accorded to him. After conviction he made a motion in
   arrest of judgment on the ground that after his demand for
   trial by jury he could not be legally put to trial without an
   indictment preferred by a grand jury. *Held,* that pretermit-
   ting the point of his failure to make this objection before trial,
   there is no merit in it, since no such right is accorded by the
   statute, and no constitutional right of the defendant was vio-
   lated by putting him on trial by a petit jury on the complaint
   instead of on indictment.—Constitution Art. I, § 9.

2. *Affirmative charge; when not to be given.*—Where there is evi-
   dence tending to show the guilt of a defendant charged with a
   criminal offense, the affirmative charge should not be given at
   his request.

3. *Charge when misleading.*—A charge which is based on the evi-
   dence of one witness and which ignores evidence which tends
   to corroborate the witness is properly refused as misleading.

APPEAL from the City Court of Talladega.

Tried before Hon. G. K. MILLER.

There was evidence in this case tending to corroborate
the witness Stockdale.

The defendant requested the affirmative charge, and
also the following: "If the jury believe from the evi-
dence that Stockdale is the only witness who testifies
to the concealment of the pistol, and they further be-
lieve that Stockdale has been so impeached that his tes-
timony cannot be believed, they must acquit the defend-
ant."

[Frost v. The State.]

J. W. VANDIVER, for appellant, cited, Code § 4615; *Clark's Case,* 46 Ala. 307; *Ex parte Gibson,* 89 Ala. 176; *Reeves' Case,* 96 Ala. 33.

CHAS. G. BROWN, Attorney-General, for the State, cited, *McClellan v. State,* 118 Ala. 122; *Burrage v. State,* 113 Ala. 109; *Sims v. State,* 99 Ala. 161; *Pellum v. State,* 89 Ala. 28.

TYSON, J.—Under the provision of the act entitled an act "To amend an act to establish a city court for the county of Talladega approved February 23, 1893," jurisdiction is conferred upon that court over the prosecutions of misdemeanors, which may be instituted or commenced in said court by complaint and warrant of arrest. In the trial of criminal cases on complaint or indictment of which the court has jurisdiction, the defendant is entitled to trial by jury; *"provided* that in cases of misdemeanors the judge of the court shall try both law and facts except when trial by jury is demanded by defendant in writing and filed with the clerk, etc." The act also provides for the summoning and empanelling of grand and petit juries.—Acts 1894-95, pp. 1221, 1222.

The defendant in this case was charged with a misdemeanor upon a complaint and warrant issued out of this court by the judge thereof. He appeared and filed his plea of not guilty with an endorsement thereon demanding a trial by jury, which was accorded to him. The insistence is made that his demand for a trial by jury entitled him to have an indictment preferred against him for the offense by a grand jury, before the court was authorized to put him to trial before a petit jury. It does not appear that any such objection was made in the court below before the trial was had. On the contrary, the first time the question was raised, was upon motion in arrest of judgment and for a new trial after conviction.

But pretermitting a discussion of this point there is no warrant to be found in the language of the statute for such a construction. No such right is conferred by it and its requirements were fully complied with in respect to matter of procedure in this case by the court be-

low. No constitutional right of the defendant was violated by putting him upon trial by a petit jury on the complaint instead of an indictment preferred by a grand jury.—Art. I, § 9 of the Constitution; *Connelly v. The State*, 60 Ala. 89; *Thomas v. The State*, 107 Ala. 61.

There was evidence which tended to establish the guilt of the defendant of the offense charged. The affirmative charge requested by him was properly refused.—*Burrage v. The State*, 113 Ala. 108; *Sims v. The State*, 99 Ala. 161.

The other charge requested by the defendant was without reference to other defects, misleading in that it ignores the testimony of other witnesses which tended to corroborate the witness Stockdale, and was properly refused.

We find no error in the record and the judgment is affirmed.