# Wylsonne *v.* The State.

## *Carrying Concealed Weapons.*

(Decided June 30, 1911. 56 South. 63.)

1. *Carrying Concealed Weapons; Affidavit; Sufficiency.*—Where the affidavit stated that the affiant has probable cause for believing and does believe that within twelve months before the filing of the complaint W. carried a pistol concealed about his person, which said offense has been committed in said county, etc., it suffficiently charges the offense of carrying concealed weapons.

2. *Indictment and Information; Misdemeanor; Right to Grand Jury Investigation.*—The provisions of Local Act, 1907, p. 206, authorizing prosecutions for misdemeanors on affidavit in the Morgan County Law and Equity Court, are not invalid because denying to accused the right to indictment.

APEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

W. J. Wylsonne was convicted of carrying concealed weapons and he appeals. Affirmed.

O. KYLE, and WILLIAM M. ADAMS, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and WILLIAM L. MARTIN, Assistant Attorney General, for the State. The averments of the affidavit were sufficient.—*Jordan v. A. G. S.*, 81 Ala. 226; *Lunsford v. Deitrich*, 93 Ala. 569; *Marks v. Hastings*, 101 Ala. 173. Local Acts 1907, page 206. was not unconstitutional because providing for

prosecutions of misdemeans in the Morgan Law and Equity Court on affidavit and warrant.—*Frost v. The State,* 124 Ala. 72; *Clark v. The State,* 46 Ala. 311; Sec. 4600, Code 1896.

DE GRAFFENRIED, J.—The defendant was arrested upon a warrant issued by a notary public and ex officio justice of the peace returnable to the Morgan county law and equity court upon an affidavit charging the defendant with carrying concealed weapons. He was tried in the law and equity court of Morgan county, and appeals.

There was nothing in the objections of the defendant to the sufficiency of the affidavit. The party making the affidavit expressly states that "he has probable cause for believing, and does believe, that within 12 months before the filing of this complaint Frank Wilson carried a pistol concealed about his person, which said offense has been committed in said county against the peace and dignity of the state of Alabama."

There is no contention that Frank Wylsonne and Frank Wilson are not idem sonans, or that the defendant is not the party intended to be charged in the affidavit with carrying concealed weapons. If the party making the affidavit "had probable cause for believing, and did believe," the defendant to be guilty, then there was probable cause for believing him guilty, and if there was probable cause for believing that the defendant was guilty of carrying a pistol concealed about his person in Morgan county, Ala., as expressly stated in the affidavit, then there was probable cause for believing that said offense had been committed and that the defendant was guilty theerof. The affidavit states, in plain, unambiguous language, all that the law requires to be stated in such affidavits, and was sufficient.

[Sapp v. The State.]

There was no error committed by the court in refusing the defendant's motion to order the cause transmitted to the grand jury for investigation. There is no constitutional restriction upon the legislative power to dispense with indictments in cases of misdemeanor, and in the law and equity court of Morgan county the jurisdiction of the court to finally try a defendant charged with a misdemeanor attaches when such a prosecution is commenced in said court by affidavit. The defendant has no right to demand, in such case, an investigation at the hands of a grand jury, and the denial to him of such right does not violate any of the provisions of the Constitution.—Local Acts 1907, p. 206; *Frost v. State,* 124 Ala. 71, 27 South. 550; s. c., 124 Ala. 85, 27 South. 251.

There is no error in the record, and the judgment of the court below is affirmed.

Affirmed.