(93 South. 382)

## Ex parte STATE ex rel. ATTORNEY GENERAL.

### NEELY v. STATE.

(8 Div. 469.)

(Supreme Court of Alabama. May 25, 1922.)

**Intoxicating liquors ⬥216—Indictment charging possession of "intoxicating bitters or beverages" held sufficient.**

An indictment charging defendant with unlawfully having in his possession "intoxicating bitters or beverages" was sufficient, as the adjective "intoxicating" qualifies both "bitters" and "beverages," in view of the use of the term "prohibited liquors or beverages," in Acts 1915, p. 1, § 1, classification 5, Acts 1915, p. 8, § 2½, and Acts 1919, pp. 7, 9, 12, 13, 16, §§ 2, 3, 6, 9, 12, 13, 16.

Certiorari to Court of Appeals.

Petition by the State of Alabama, on the relation of its Attorney General, for certiorari to the Court of Appeals to review and revise the judgment and decision of said court rendered in the appeal of Frank Neely v. State, 93 South. 382. Writ granted, and judgment reversed and remanded.

Neely was convicted of a violation of the prohibition law. The indictment upon which the defendant was tried and convicted reads as follows:

"The grand jury of said county charges that, before the finding of this indictment Frank

Neely, after the 25th day of January, 1919, unlawfully had in his possession, offered for sale, kept for sale, sold, or otherwise disposed of alcoholic, spirituous, vinous, or malt liquors or intoxicating bitters or beverages, against the peace and dignity of the state."

Assignments of demurrer Nos. 2 and 5 are as follows:

(2) "The same charges the offense in the alternative, and each alternative does not charge an indictable offense."

(5) "The indictment charges the defendant with having possession of beverages without any other or further description thereof, and there is no law prohibiting the possession of all beverages."

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for appellant.

The Court of Appeals was in error in holding the indictment subject to the demurrer. 87 South. 527; 18 Ala. App. 101, 90 South. 138; Acts 1919, p. 7. The charges are not presented for review.

G. 'O. Chenault, of Albany, for appellee.

Brief of counsel did not reach the Reporter.

GARDNER, J. Petition for certiorari to review the holding of the Court of Appeals in the case of Neely v. State, convicted of a violation of the prohibition law.

The Court of Appeals rests a reversal of this cause upon the action of the trial court in overruling the demurrer to the indictment, holding to the view the assignments of demurrer 2 and 5 were well taken. These assignments of demurrer, together with the indictment, will appear in the report of the case. This conclusion of the Court of Appeals rests upon the theory that the indictment contains the alternative averment, and that the disjunctive charge therein that the defendant was possessed of, or had in his possession, "beverages," without the qualifying adjective descriptive of one of the several prohibited beverages, charges no offense, and that therefore the indictment as a whole is bad, being no stronger than its weakest alternative averment. The indictment charges the defendant with unlawfully having in his possession "intoxicating bitters or beverages,". and it is evident that in the opinion of the Court of Appeals the adjective "intoxicating" does not qualify the noun "beverages."

In this we are of the opinion the court erred, for we think a proper grammatical construction of these words, restated, would be bitters or beverages that are intoxicating, and that the adjective "intoxicating" qualifies both nouns, "bitters" and "beverages." We think this view is fully sustained by the language found in our prohibition statute. The fifth classification found in section 1 of Acts 1915, p. 1, is as follows:

"(5) Any intoxicating bitters or beverages by whatever name called."

The term "prohibited liquors and beverages" and "prohibited liquors or beverages" are used interchangeably in the prohibition statute, and are referred to in this connection in section 2½ of Acts 1915, p. 8. Several instances of the interchangeable manner in which these two terms are used are found in Acts 1919, p. 6. For illustration, see sections 2, 3, 6, 9, 12, 13, and 16 of the act of 1919, supra.

We are of the opinion the Court of Appeals has fallen into error in holding the indictment subject to the demurrer as there pointed out, and the judgment to that effect will be here reversed.