(103 So. 901)

**ROSEBERRY v. STATE.  (5 Div. 536.)**

(Court of Appeals of Alabama.  April 14, 1925.)

**1. Criminal law ☞995(2) — Judgment entry held sufficient to sustain conviction.**

Judgment entry, "Issue being joined * * * upon the defendant's plea of not guilty, thereupon came a jury of good and lawful men, * * * who upon their oath say: We the jury find the defendant guilty as charged," *held* sufficient to sustain conviction.

**2. Criminal law ☞829(1)—Refusal of charges covered by charges given not error.**

Refusal of charges fully covered by court's oral charge, or charges given at appellant's request, is not error.

Appeal from Circuit Court, Chilton County; George F. Smoot, Judge.

Lum Roseberry was convicted of violating the Prohibition Law, and he appeals. Affirmed.

Reynolds & Reynolds, of Clanton, for appellant.

The judgment entry is insufficient to sustain a conviction. Storey v. State, 71 Ala. 329; Walker v. State, 72 Ala. 218; Johnson v. State, 47 Ala. 9; Allen v. State, 71 Ala. 5; Commander v. State, 60 Ala. 1; Lacey v. State, 58 Ala. 385.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The judgment entry is sufficient. Code 1923, § 8609; Garner v. State, 206 Ala. 56, 89 So. 69.

BRICKEN, P. J. From a judgment of conviction for distilling and unlawfully possessing a still, etc., defendant appeals.

The only exception reserved to the ruling of the court upon the admission of testimony is without merit. The court's ruling in this connection was in accord with the rule of evidence provided by statute. Acts 1919, p. 1086, as construed in Newt Wilson v. State (Ala. App.) 100 So. 914;[1] Ex parte Wilson v. State, 211 Ala. 574, 100 So. 917.

The demurrers to the indictment were properly overruled. See Luther P. Harris v. State (5 Div. 528 Ala. App.) 103 So. 900,[2] and cases therein cited. Also, Ex parte State, 207 Ala. 585, 93 So. 382.

[1] It is insisted that the judgment entry is insufficient to sustain a conviction in this case, in that it fails to show that the jury who tried this case were sworn. In the absence of direct authority, the writer would entertain serious doubt as to the sufficiency of the judgment entry in this respect, for it should affirmatively appear in the judgment, at least, that the jury were impaneled and sworn according to law, etc. But this identical question has been decided adversely to the contention of the appellant by this court in the case of Terry v. State, 13 Ala. App. 115, 119, 69 So. 370; the statement in this respect being the same, viz.:

"Issue being joined in this cause upon the defendant's plea of not guilty, thereupon came a jury of good and lawful men, to wit, R. W. Ward, foreman, and eleven others, who upon their oaths say: We the jury find the defendant guilty as charged in the indictment."

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

¹Ante, p. 62.    ²Ante, p. 453.

[2] Such of the refused charges as contained correct propositions of law were fully covered by the court's oral charge or by charges given at request of defendant.

No error is apparent upon the record. The judgment appealed from is affirmed.

Affirmed.

