(110 So. 601)

## GAINES v. STATE. (8 Div. 915.)

(Supreme Court of Alabama. Dec. 16, 1926.)

Indictment and information ⬩2(4)—Act, authorizing prosecution of misdemeanors on affidavit before clerk of circuit court, held not unconstitutional (Loc. Acts 1919, p. 17; Const. 1901, § 8).

Loc. Acts 1919, p. 17, authorizing prosecution of misdemeanors in Madison county circuit court on affidavit before clerk thereof, *held* not invalid, as violating Const. 1901, § 8.

Certiorari to Court of Appeals.

Petition of Sam Gaines for certiorari to the Court of Appeals to review and revise the judgment and decision in that court in Gaines v. State, 21 Ala. App. 579, 110 So. 600. Writ denied.

The petitioner was put to trial in the circuit court of Madison county upon a charge of unlawfully possessing prohibited liquors, and, from a judgment of conviction, he appealed to the Court of Appeals. Said judgment being there affirmed, he brings this petition, assigning as error the decision of the Court of Appeals holding as valid the local act of 1919 (Local Acts, p. 17), under which the prosecution of the petitioner was commenced.

The local act provides:

"Section 1. * * * That from and after the passage of this act prosecution of persons charged with misdemeanors in Madison county may be begun by affidavit made before the clerk of the circuit court of Madison county, and that thereupon the jurisdiction of the circuit

court of Madison county shall attach, and the same shall proceed to trial and judgment under the same rules and procedure as provided by law in misdemeanor causes.

"Sec. 2. Nothing in this act shall be construed as to in any manner interfere with or affect prosecutions for misdemeanors upon indictment found by the grand jury in the circuit court of Madison county."

The petition asserts that the said act is invalid, in that it violates section 8 of the Constitution; that the circuit court is not an inferior court, within the purview of said section 8, authorizing certain prosecutions before justices of the peace and other inferior courts.

Cooper & Cooper, of Huntsville, for petitioner.

Counsel argue for invalidity of the local act, and cite Const. 1901, § 9; Larkin v. Simmons, 155 Ala. 273, 46 So. 451; Adcock v. State, 142 Ala. 30, 37 So. 919.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

THOMAS, J. It is provided by section 8 of the Constitution:

"That no person shall, for any indictable offense, be proceeded against criminally, by information, except in cases arising in the militia and volunteer forces when in actual service, or when assembled under arms as a military organization, or, by leave of the court, for misfeasance, misdemeanor, extortion and oppression in office, otherwise than is provided in the Constitution: Provided, that in cases of misdemeanor, the Legislature may by law dispense with a grand jury and authorize such prosecutions and proceedings before justices of the peace or such other inferior courts as may be by law established."

This is the recasting of the provisions, pertinent to this inquiry, of section 9, art. 1, of the Constitution of 1875.

In Adcock v. State, 142 Ala. 30, 37 So. 919, the purpose of the act that was considered, was to deprive the circuit court of the jurisdiction to try indictments thereafter returned into that court, and also of a grand jury, except when the same was ordered by the judge, and was held violative of section 5 of article 6 of the Constitution of 1875, the same as article 6 of the Constitution of 1901, § 143, declaring the jurisdiction of the circuit court to indict by its grand jury and to try the pending cause.

In the case of Frost v. State, 124 Ala. 85, 87, 27 So. 251, 252, the act creating the city court provided for the trial of misdemeanors by the judge in the absence of a due demand for trial by jury, and defendant was arrested on warrant issued by the judge of said court. His demand for a jury held not to entitle him to have an indictment preferred by a grand jury, before putting him on trial by a petit jury. It is said:

"No constitutional right of the defendant was violated by putting him upon trial by a petit jury on the complaint instead of an indictment preferred by a grand jury. Article 1, § 9, of the Constitution; Connelly v. State, 60 Ala. 89 [31 Am. Rep. 34]; Thomas v. State, 107 Ala. 61 [17 So. 941]."

The prosecution was commenced in the mayor's court for a misdemeanor, and appealed to the circuit court, where the solicitor by complaint changed the charge to that for a violation of the state statute—held "no authority of law" for such procedure in the circuit court. In Lewis v. State, 160 Ala. 121, 122, 49 So. 753, 754, the court said:

"And the record shows that the defendant, against his objection, was tried for a criminal offense in the circuit court, without being first indicted, and without an appeal having been taken by him to said court from a conviction therefor. Clark v. State, 46 Ala. 311; Const. 1901, § 6."

And in Alford v. State ex rel. Attorney General, 170 Ala. 178, 195, 54 So. 213, 217, Ann. Cas. 1912C, 1093, it is declared:

" * * * A defendant might waive a jury trial if the statute so authorized; but it has never decided that the Legislature could deprive him of the right to a trial by a petit jury, even as to misdemeanors, though it may deprive him of the right to be indicted by a grand jury, as to misdemeanors, because this much is expressly authorized by the proviso to section 8 of the Bill of Rights. Connelly's Case, 60 Ala. 89, 31 Am. Rep. 34; Thomas' Case, 107 Ala. 61, 17 So. 941."

The later decision of Roseberry v. State, 20 Ala. App. 450, 453, 103 So. 898, 900, said that:

"Section 139, supra, vests the judicial powers of the state, not only in the officers therein enumerated, but also in such persons as may be by law invested with such powers.

"Many judicial functions are conferred by statute upon registers in chancery, in addition to their clerical duties. They are made ex officio judges of probate courts when the judge thereof is disqualified. Coroners are made judicial officers. The Legislature is authorized to invest juvenile courts, commissioners' courts, the state tax commission, circuit clerks, and others, with powers of a judicial nature. State ex rel. Vandiver v. Burke, 175 Ala. 561, 57 So. 870; State Tax Commission v. Bailey & Howard, 179 Ala. 620, 60 So. 913; Ex parte Pruitt v. State, 207 Ala. 261, 92 So. 426."

And this case was passed upon by this court in Ex parte Lum Roseberry, 212 Ala. 689, 103 So. 901. See, also, Witt v. State, 130 Ala. 129, 30 So. 473; Thomas v. State, 107 Ala. 61, 17 So. 941.

Is there conflict with the announcement in Larkin v. Simmons, 155 Ala. 273, 46 So. 451, saying:

"The Constitution provides that 'the circuit court shall have original jurisdiction in all matters civil and criminal within the state not otherwise excepted in this Constitution; but in civil cases, other than suits for libel, slander, assault and battery, and ejectment, it shall have no jurisdiction except where the matter or sum in controversy exceeds fifty dollars.' Const. 1901, § 143. By section 8 of the same instrument the original jurisdiction of that court in criminal cases is limited to cases in which indictments are preferred. Therefore any enactment of the Legislature, seeking to confer original jurisdiction on the circuit court in matters civil or criminal beyond the outside of the limitations fixed by the Constitution, would be of no binding force.

" * * * If the notice must be construed as conveying the intelligence that causes pending in the county court, commenced originally in that court, and of which the circuit court has not original jurisdiction, would be transferred to the circuit court, then it shows that the act intended to be applied for, if enacted, would be violative of the Constitution. Sections of the Constitution, ubi supra; Alford v. Hicks, 142 Ala. 355, 38 So. 752."

We think not. The power to issue a warrant on complaint is conferred upon the clerk of the circuit court (Local Acts 1919, p. 17, § 1) as has been done upon its judge (Phillips v. Morrow, 213 Ala. 139, 104 So. 260, 40 A. L. R. 285).

The writ is denied.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.