### PEOPLE v. AVERY.

1. Intoxicating Liquors—Criminal Law—Trial—Instructions—
"Keeping and Maintaining."

In a prosecution for violating the prohibition law, charging that defendant "did keep and maintain a place for the unlawful storage, possession and sale of intoxicating liquors," the trial judge properly refused a requested instruction that unless the jury found that defendant "owned and maintained"

---

As to constitutionality of statute requiring jurors to be taxpayers, see annotation in 32 L. R. A. (N. S.) 414.

said place, their verdict should be not guilty; and, in view of the judge's explanation that "keeping" and "maintaining" are practically synonymous, there was no error in using the words "keeping or maintaining," in his charge to the jury; the verb "keep," as used in the statute (Comp. Laws Supp. 1922, § 7079 [2]), meaning "to conduct," "to carry on," "to maintain."

2. CRIMINAL LAW—SECOND OFFENSE—ADMISSIBILITY OF EVIDENCE OF FORMER OFFENSE SHOULD BE RAISED ON TRIAL.

Where a violation of the prohibition law was charged as a second offense, an objection, made for the first time in the Supreme Court, that the trial judge erred in admitting evidence of the former offense because it was not offered or received at the examination, comes too late for consideration.

3. JURY—QUALIFICATIONS—CHALLENGE FOR CAUSE.

Being assessed for taxes is not a necessary qualification of jurors, although it is ground for challenge for cause.

4. CRIMINAL LAW—THAT JURORS' NAMES ARE NOT ON ASSESSMENT ROLL SHOULD BE RAISED BEFORE TRIAL.

An objection, in a criminal case, that jurors, although electors, were not "persons assessed on the assessment roll of the township or ward," as provided by 3 Comp. Laws 1915, § 12190, should have been made before trial, and, where raised for the first time in the Supreme Court, there having been no challenge for cause, will not be considered, although counsel claim not to have had knowledge thereof until after verdict.

5. INTOXICATING LIQUORS—MOTIONS TO SUPPRESS AND FOR MISTRIAL PROPERLY DENIED.

Denial of a motion to suppress and of a motion for mistrial, *held,* to present no reversible error.

Error to Calhoun; North (Walter H.), J. Submitted October 11, 1928. (Docket No. 121, Calendar No. 33,565.) Decided December 4, 1928. Rehearing denied January 7, 1929.

Claire Avery was convicted of violating the liquor law. Affirmed.

*Howard W. Cavanagh* and *Maxwell B. Allen,* for appellant.

*Wilber M. Brucker,* Attorney General, *Andrew W. Lockton,* Prosecuting Attorney, and *W. J. Kearney,* Assistant Prosecuting Attorney, for the people.

CLARK, J. The information is that defendant "did keep and maintain a place for the unlawful storage, possession and sale of intoxicating liquor." Defendant brings error.

1. Complaint is made of the court's instructions relative to the offense charged. The court read to the jury the statute, which speaks of the offense as keeping a place. Section 2, Act No. 338, Pub. Acts 1917 (2 Comp. Laws Supp. 1922, § 7079 [2]). The court later in the charge spoke of keeping or maintaining a place. After the jury had been out for a time they returned into court and the following:

"*The Foreman:* I am not satisfied now that Claire Avery owned that place.

"*The Court:* Well, that only goes to the question of fact. The prosecution claims he did and the defendant claims he did not, or that he was not maintaining it or running it and operating it, and that is a question of fact that you, as jurors, are to decide one way or the other from the evidence in the case. I must not influence you one way or the other, or infer one way or the other in regard to it in any way whatever, because that is a question of fact.

"*The Foreman:* What do I understand by 'maintaining?'

"*The Court:* The man who controls it as his business is the man who would be maintaining or operating the place under the statute, as contradistinguished from somebody who was in the employ of somebody else, or who was there just as a frequenter of the place, and did not have the control of it. Certainly a man who owns and operates a place would be the man who maintains it. The statute says 'a

man who keeps a place,' and he is charged here with keeping and maintaining, and I suppose in that respect the words would be practically synonymous."

Defendant had preferred the following request:

"I charge you further, that the respondent is charged in the information with keeping a place for the unlawful sale, storage and possession of intoxicating liquor, and unless you find beyond a reasonable doubt that Claire Avery, the respondent, owned and maintained the place at the time the liquor was sold or found, if you find it was so sold and found, then your verdict must be not guilty."

In view of the request containing the words "owned and maintained," and the court's explanation of meaning of words, we think there was no reversible error. The verb keep, used transitively, has many shades of meaning. Used in the statute, it means to conduct, to carry on, to maintain. We have no criticism of the court's instructions.

2. The violation is charged as a second offense. It is urged here that the court erred in admitting at the trial evidence of the former offense, for the reason that it had not been offered or received at the examination. This objection was not made in the trial and it now comes too late. *Washburn* v. *People,* 10 Mich. 372.

3. The chief ground of a motion for a new trial is that three of the jurors were not "persons assessed on the assessment roll of the township or ward," as provided by 3 Comp. Laws 1915, § 12190. There was no challenge for cause on this ground and counsel say in affidavits that knowledge of the matter did not come to them until after verdict. The

jurors in question were electors. It is said in *Stewart* v. *People,* 23 Mich. 63 (9 Am. Rep. 78):

"The defense appear to suppose that no one is a competent juror unless he is assessed for taxation. But we do not find that the statute makes this a necessary qualification. It is true that the selection of persons to be returned as jurors is to be made from the assessment rolls; but the qualifications required are only those of electors: S. L. 1861, p. 21; and when once returned, the names remain in the box until others are returned in their places, whether they appear upon the successive assessment rolls or not: 2 Comp. Laws 1857, § 4356. It is not, therefore, a necessary qualification of a juror that he be a tax-payer. See *Peninsular Railway Co.* v. *Howard,* 20 Mich. 26; and as talesmen are to be summoned from the bystanders in court, or from the neighboring citizens, there is no occasion for inquiring whether their names appear upon the assessment rolls or not."

And see *Hill* v. *People,* 16 Mich. 351.

Being assessed for taxes is not a necessary qualification, although it is ground for challenge for cause. *People* v. *Thacker,* 108 Mich. 652; *Johr* v. *People,* 26 Mich. 427. Defendant's objection to the jurors should have been made before trial. As here asserted, it will not be entertained. 16 C. J. p. 1160.

4. Denial of a motion to suppress and of a motion for mistrial present no reversible error.

Other matter suggested has been considered. It calls for no discussion.

Judgment affirmed.

Fead, C. J., and Fellows, Wiest, McDonald, Potter, and Sharpe, JJ., concurred. North, J., did not sit.