PEOPLE *v.* WILSON.

1. CRIMINAL LAW—NEW TRIAL—JURISDICTION.
   Under Act No. 175, Pub. Acts 1927, chap. 10, § 2, providing that motions for new trials shall be made within 30 days after verdict, the time is jurisdictional, and a motion for new trial made 33 days after verdict came too late.

2. SAME—DISCRETION.
   Showing made by defendant, *held,* insufficient, in exercising proper judicial discretion, to justify granting motion for new trial.

3. JURY—DISQUALIFICATION—WAIVER.

 An objection that a juror, otherwise competent, was disqualified because her name did not appear on the assessment roll of her township (3 Comp. Laws 1915, § 12190) was waived, where she was not challenged for cause on that ground when drawn as a juror.

Error to Hillsdale; Chester (Guy M.), J. Submitted January 18, 1929. (Docket No. 153, Calendar No. 33,977.) Decided March 29, 1929.

Alfred C. Wilson was convicted of violating the liquor law. Affirmed.

*John F. Steward* and *Paul W. Chase,* for appellant.

*Wilber M. Brucker,* Attorney General, and *G. Forrest Lewis,* Prosecuting Attorney, for the people.

FEAD, J. Defendant was convicted of violation of the prohibition law. Thirty-three days after verdict he made a motion for a new trial. The statute, Act No. 175, Pub. Acts 1927, chap. 10, § 2, provides:

"Motions for new trials shall be made within 30 days after verdict, and not afterwards."

The time is jurisdictional, and the motion came too late. *Nichols* v. *Houghton Circuit Judge,* 185 Mich. 654 (Ann. Cas. 1917 D, 100). Moreover, a proper exercise of judicial discretion would not have justified a new trial on the showing made by defendant.

It is contended that one of the jurors, Mrs. Alexander Lee, otherwise competent, was disqualified because her name did not appear on the assessment roll of her township (3 Comp. Laws 1915, § 12190), and the fact was not discovered until after trial. When drawn as a juror, she was not challenged for

'cause on that ground. The objection was waived. *People* v. *Avery*, 244 Mich. 644.

Judgment is affirmed.

FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred. NORTH, C. J., and POTTER, J., did not sit.